## CORNELL *v.* GALLAHER.

THE proviso in the fifty-second section of the Act to Regulate the Settlement of the Estates of Deceased Persons, as amended by the Act of April 23d, 1855, extends to all the classes of persons designated in the section, and is not limited to persons embraced within the tenth class; and a surviving partner, though a brother, where the partnership existed at the time of the death of the intestate, cannot be administrator of the estate.

APPEAL from the Probate Court of Amador.

For facts see opinion.   Plaintiff appeals.

*Robinson, Beatty & Heacock,* for Appellant.

FIELD, C. J. delivered the opinion of the Court — COPE, J. concurring.

The fifty-second section of the Act to Regulate the Settlement of the Estates of Deceased Persons, as amended by the Act of April 23d, 1855, is as follows: " Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be, respectively, entitled in the following order: first, the surviving husband or wife, or some person as he or she may request to have appointed; second, the children; third, the father or mother; fourth, the brothers; fifth, the sisters; sixth, the grand-children; seventh, any other of the next of kin who would be entitled to share in the distribution of the estate; eighth, the Public Administrator; ninth, creditors; tenth, any person or persons legally competent: *provided,* that when there was any partnership existing between the intestate at the time of his death and any other person, the surviving partner shall in no case be appointed administrator of the estate of such intestate."

The appellant is the eldest brother of the intestate, and between him and the deceased a partnership existed at the time of the latter's death. The respondent is the Public Administrator of Amador county, where the intestate died.   Both parties applied for letters of administration of the estate of the deceased.   No other application was made by any one.   The Probate Court held that the appellant, as surviving partner of the deceased, was disqualified from acting as administrator, and directed letters to issue to the respondent; and the question presented

for determination is, whether the proviso in the section cited extends to the several classes of persons to whom administration may be granted, or only to the persons embraced within the tenth class. We are of opinion that the proviso extends to all the classes designated, and that the surviving partner, where the partnership existed at the time of the death of the intestate, is precluded from acting as administrator of the estate of such intestate, and we therefore affirm the judgment.