# CARNAHAN

### v.

## ASHWORTH et al.

(*Supreme Court of Appeals of Virginia, July 7, 1898.*)

[31 S. E. Rep. 65.]

**Continuances—Party Obtaining Estopped to Deny Jurisdiction of Court.***

A party who obtains a continuance cannot afterwards say that he was not regularly brought into court on account of a noncompliance with Code, § 3318, requiring the clerk of a circuit court where a suit is begun to transmit to the clerk of the circuit court to which the cause is removed, not only the original papers in the cause, but copies of all rules and orders made therein, and a statement of the costs incurred by each party.

**Creditors' Bill—Parties.**

In a creditors' suit, the trustees in all deeds of trust on the property sought to be sold, and all the creditors named therein, are necessary parties.

**Same—Decree for Sale of Land—Priority of Liens.**

A decree for the sale of land in a creditors' suit is erroneous where the priorities of the liens against the land have not been established.

**Same—Commissioner's Report—Failure to Indicate Priority of Liens— Objection in Supreme Court.**

Where, in a creditors' suit, the commissioner's report does not indicate the order of priority of liens of different rank on the land sought to be subjected, objection thereto may be first taken in the supreme court.

**Same—Proof of Lien before Commissioner—Effect.**

Where, in a creditors' suit, a party who held a lien against the property sought to be sold proved his lien before the commissioner, he became a substantial party to the cause.

---

*See monographic note on "Creditors' Bills," Va. Rep. Anno.

Appeal from hustings court of Radford.

Bill in chancery by Mrs. J. S. Ashworth against J. W. Carnahan and the Wytheville Building & Loan Fund Association. From a decree in favor of complainant, defendant J. W. Carnahan appealed.   Reversed.

*Blair & Blair*, for appellant.

*W. B. Kegley, M. M. Caldwell* and *Bolling & Stanley*, for appellee.

KEITH, P., delivered the opinion of the court.

Mrs. J. S. Ashworth recovered a judgment against J. W. Carnahan for $33.36, and filed a bill in chancery in the circuit court of Wythe county to enforce the lien thereof against the real estate of the debtor.   The plaintiff alleges that Carnahan is the owner of several parcels of real estate in Wythe county, incumbered by deeds of trust and judgments, but she fails to make the trustees in said deed, or indeed any one save the judgment debtor, parties defendant.   The judge of the circuit court, after notice in vacation, directed one of the commissioners of his court to state an account showing the real estate owned by Carnahan, the liens binding thereon, and the order of their priorities, the annual rental value thereof, and any other matter he might deem pertinent.   The commissioner reported on the 20th of June, 1893, in obedience to this order.   He divides the liens into two classes,—those which he denominates as specific liens, which include the "two deeds on the lot at the corner of 10th and Spring Streets, to secure the Wytheville Building & Loan Fund Association, and a lien reserved in the deed, to secure Mrs. Stephens on the same property."   Then follows in this class a deed of trust on three lots in the Trinkle addition, and then a deed of trust on five lots in the Trinkle addition, to secure J. G. Shelton.   There is nothing in this

report to indicate the order of priority among such of the liens embraced in this class as rest upon the same subject. The amount of the liens is stated, but not their relations to each other, or, as the phrase is, "the order of their priorities."

The defendant filed exceptions to this report, and the cause was brought on to be heard at the February term, 1894, upon the bill, the commissioner's report, the exceptions thereto, upon the answer of the Wytheville Building & Loan Fund Association, and upon the defendant Carnahan's objection to the filing of the answer. Thereupon the court decreed that Carnahan have leave to file his answer, and, without adjudicating any other question in the cause, it was continued.

At the March term, 1894, Carnahan filed his demurrer to the bill and his answer thereto, and at the September term, the judge of the circuit court of Wythe county finding himself so situated as to render it improper for him to sit in the cause, it was removed to the circuit court of Smythe county, there to be heard and determined.

At the December term of the circuit court of Smythe county, the Wytheville Building & Loan Fund Association appeared, and asked the court to be permitted to retire from the cause, in accordance with the objection made by its co-defendant, Carnahan, to the filing of its answer at the February term, 1894, but Carnahan had in the meantime changed his position, and now resisted the association's effort to retire from the cause; but the court allowed the association to withdraw.

At the March term for the circuit court of Smythe county, the judge of that court found himself unable to proceed further, and ordered the cause to be removed to the corporation court of Radford.

On the 15th day of May, 1895, at the hustings court held for the city of Radford, the following decree was entered in this cause: "On motion of the defendant, this cause is continued to the 15th day of June, 1895, to be peremptorily heard at that time"; and on that day the cause came on to be

heard upon motion of defendant to dismiss for want of juris-
diction, because the clerk of the circuit court of Wythe county
had not furnished to the clerk of the circuit court of Smythe
county a statement of costs and copies of orders, decrees, and
rules entered in said cause in the circuit court of Wythe county,
in accordance with section 3318 of the Code. This motion
the court overruled, but directed the clerk of the circuit court
of Wythe to comply with the law upon the subject.

On the 13th of July the cause came on again to be heard be-
fore the hustings court of the city of Radford, which entered
a decree upon the bill and exhibits, the report of Commissioner
Powell, and exceptions thereto, the demurrer of the defendant
Carnahan, and upon the answer of the Wytheville Building &
Loan Fund Association, which had been again brought into the
cause upon a rule issued at the request of the defendant Car-
nahan, upon the answer of Carnahan, and upon depositions and
evidence filed with the report of Commissioner Powell ; where-
upon the court overruled Carnahan's demurrer, and the
objections made by him to the filing of the answer by the
Wytheville Building & Loan Fund Association, and decreed
that, unless the defendant Carnahan should pay off and satisfy
the liens mentioned in Commissioner Powell's report within 30
days, that commissioners be appointed to sell the house and
lot in Wytheville upon the terms named in the decree. The
decree further directed that the several trustees in the pro-
ceedings mentioned be made parties, and leave was granted
the plaintiff to amend her bill for that purpose. Other matters
are mentioned in the decree, but we have set forth only so
much of it as is deemed necessary to the disposition of this
controversy.

From this decree an appeal was obtained to this court by
Carnahan.

He assigns as error the want of jurisdiction in the hustings
court of the city of Radford to enter the decree complained of.
This point is not well taken. He appeared in the hustings

court of Radford on the 13th of May, 1895, and moved that court to continue the case, and set it for trial on the 15th day of the June following. As was said by Judge Buchanan in Bell v. Railroad Co., 91 Va., at page 104, 20 S. E. 943 : "The mere fact of a party taking and agreeing to a continuance is evidence of having made himself a party to the record, and of his having recognized the case as in court. It is too late afterwards for him to say that he has not been regularly brought into court."

The next serious error assigned is to the action of the hustings court of Radford in overruling the demurrer of the defendant.

It appears from the face of the bill that there were two deeds of trust upon the property which the plaintiff seeks to have sold for the satisfaction of her debt. "As a rule," says Barton, in the first volume of his Chancery Practice, at page 178, "the trustees in the several deeds of trust, and all the creditors therein named, should be made parties either by process or convention." And in 1 Daniell, Ch. Prac. (4th Ed.) at page 192, it is said that, "where the plaintiff has only an equitable right in the thing demanded, the person having a legal right should be made a party to the suit, for otherwise his legal right would not be bound by the decree." See, also, page 193, and Kendrick v. Whitney, 28 Grat. 646. The demurrer was well taken, and should have been sustained by the court. It is by no means clear, however, that, under the circumstances disclosed by this record, the decree should be reversed on account of that error. The bill was filed in May, 1893. The defendant was duly summoned, orders of reference were taken and executed by the commissioner of the court, his report returned, and exceptions to it filed ; but Carnahan did not demur or answer until March, 1894. The cause was then bandied about from court to court for more than a year, and when it was finally argued and submitted in July, 1895, the court overruled the demurrer, but directed parties to be made to the bill, whose

absence constituted the only ground upon which the demurrer could have been sustained. Had the demurrer been sustained, that adjudication would have been followed by leave to make proper parties to the bill, and in the case of formal parties it is not usual to remand the cause to rules for that purpose. We have, then, this result : the court overruled the demurrer, but required that the necessary parties should be introduced into the cause, when, in strictness, it should have sustained the demurrer, and required the same parties to be brought before the court.

There is another error assigned, however, for which the decree must be reversed. It is settled law in this state that land shall not be sold under a decree of court until the liens binding it, their amounts, and the order of their priorities, have been established. Kendrick v. Whitney, supra, is one of many cases to that effect. The object of the sale is that the property may be exposed to sale under the most advantageous circumstances, so that the best price may be obtained for it. To accomplish this, those who have liens upon it must be advised beforehand as to the amount of their liens, and the order in which they stand. In this case the house and lot in Wytheville constitutes the most valuable part of the defendant's real estate. The liens upon it are stated in two classes, as we have already seen. It is manifest upon the face of this report that all of the liens upon this property are not of the same date, and that they do not hold the same rank. The report should have set out their order clearly, so that all interested would have been informed as to their rights and interests in the property when it came to be sold. The report is not excepted to for this cause, but the defect here pointed out is apparent upon its face, and in such case objection may be taken to it in this court. See 2 Bart. Ch. Prac. § 648. For this error we are of opinion that the decree complained of must be reversed, and, as the cause has to go back, we suggest that the subject of parties be considered by the circuit court, as the record before us does not

leave it altogether free from doubt whether all the proper parties are before the court, though we incline to think that such is the case.

The error assigned to the ruling of the court upon the subject of usury was withdrawn during the argument, and the other errors mentioned in the petition we deem it unnecessary to consider.

Before closing this opinion, it is proper to add a word with respect to the Wytheville Building & Loan Fund Association. Leaving out of view the action of the court upon the answer of the association, which was, without doubt, hesitating, inconsistent, and misleading, it appears that the association proved its debt before the commissioner, and thus became a substantial party to the cause, in a position to appeal from an adverse decree, and to take the benefit of a favorable decision. Under such circumstances, it cannot be permitted to escape the consequences, and must be adjudged liable for the costs of this appeal.

The decree of the hustings court of the city of Radford must be reversed, and the cause remanded for further proceedings to be had therein.

CARDWELL and KIELY, JJ., absent.