Syllabus.

# Richmond.

## CONRAD'S ADM'R V. FULLER AND OTHERS.

### JANUARY 18, 1900.

1. CHANCERY PLEADING AND PRACTICE—*Suit against Surviving Partner—Who May Sue.*—The personal representative of a deceased partner, as a general rule, is the only person who has the right to sue the surviving partner for an account of the partnership affairs; but, under special circumstances, a distributee, legatee, or creditor of the decedent may file a bill against the personal representative of the decedent and the surviving partner.

2. CHANCERY PLEADING AND PRACTICE—*Suit against a Surviving Partner—When Distributee, Legatee, or Creditor May Sue.*—The mere fact that a debtor was the partner of a decedent does not authorize a distributee, legatee, or creditor of the decedent to institute a suit against such debtor and the personal representative of the decedent. There must be some special circumstances which render it necessary or proper for the protection of the rights of such distributee, legatee, or creditor, such as collusion between the personal representative and the debtor, refusal to sue, some impediment in the due prosecution of a suit by the personal representative, or the like.

3. CHANCERY PLEADING AND PRACTICE—*Parties—Trustee and Beneficiary in a Deed of Trust on Land.*—The trustee and the beneficiary in a deed of trust on real estate of a decedent are necessary parties to a suit for the sale of such real estate, and it is error to decree a sale thereof until they are made parties.

4. CHANCERY PLEADING AND PRACTICE—*Decree for Account—Proof of Claims by Creditors—Affidavits.*—After a decree for a general account of debts in a creditor's suit, other creditors may come in and prove their claims before the commissioner to whom the cause is referred. This should be done by the creditor or some one authorized by him, and not by the administrator of the debtor whose duty it is to represent the estate. The better practice is to require the creditor to file an affidavit that the debt remains due, but the affidavit is not evidence to prove the debt.

5. CHANCERY PLEADING AND PRACTICE—*Decree for Sale of Land—Receiving Private Offers.*—A direction to a commissioner, in a decree for the sale of real estate, to receive private offers and report them to the court to be acted upon in vacation, is within the discretion of the trial court, in order to obtain the best price for the land.

Appeal from a decree of the Circuit Court of the city of Danville, pronounced at its May term, 1898, in a suit in chancery, wherein the appellees were the complainants, and the appellants were the defendants.

*Reversed.*

The opinion states the case.

*Green & Miller,* for the appellants.

*Berkley & Harrison, Leake & Carter, E. E. Bouldin,* and *Peatross & Harris,* for the appellant.

BUCHANAN, J., delivered the opinion of the court.

The court is of opinion that the amended and supplemental bill cannot be maintained against P. T. Conrad as surviving partner of himself and Charles H. Conrad, in the two concerns of Charles H. Conrad & Co. and J. M. Conrad's Sons.

The object of the original bill, which was filed by the widow of C. H. Conrad and one of his children against his administrator and other children, was to have a settlement of the decedent's estate, and a distribution thereof, after the payment of his debts, and a partition of his real estate.

The amended and supplemental bill made the surviving partners of three concerns (viz., W. S. Patton, Sons & Co.; Chas. H. Conrad & Co., and J. M. Conrad's Sons), of which the decedent was a member, parties, and asked in addition to what was sought by the original bill that a receiver might be appointed to take charge of the affairs of the concerns of Chas. H. Conrad & Co. and J. M. Conrad's Sons, and that the sur-

viving partner in those concerns might be restrained from any further management and control of the same.

Upon demurrer the amended and supplemental bill was dismissed as to the surviving partner of the firm of W. S. Patton, Sons & Co., whose affairs were in the hands of a receiver in another suit, but P. T. Conrad, the surviving partner in the other two concerns, was held to be a proper party, and the bill sustained as to him.

Under ordinary circumstances, the personal representative of a deceased partner is the only person who has the right to sue the surviving partner for an account of the partnership affairs; but, under special circumstances, a distributee, legatee, or creditor of the decedent may file a bill against the personal representative of the decedent and the surviving partner.

Mr. Justice Lindley, in his work on Partnership, side page 1068, in discussing this subject, says: "Notwithstanding the general rule that separates creditors, legatees, and next of kin of a deceased partner have no *locus standi* against his surviving partner, the rule is by no means without exceptions. Indeed there are cases to be met with which apparently warrant the inference that surviving partners may always be sued along with the executor or administrator of the deceased; but the authority of these cases has recently been called in question, and the better opinion now is that some special circumstances are necessary to justify such a course. The special circumstances which have been held sufficient are collusion between the executors and the surviving partners; refusal by the former to compel the latter to come to an account; dealings which may have precluded the executors from themselves obtaining any account; the fact that the executors are themselves partners and liable therefore to account to themselves as executors; and generally where the relation between the executors and the surviving partners is such as to present a substantial impediment to the prosecution by the executors of the rights of the persons in-

terested in the estate of the deceased against the surviving partners, then, it has been said, an action may be instituted by those persons against the executors and the surviving partners."

This statement seems to be sustained by the authorities, and is in accord with the general rule that a distributee, legatee, or creditor cannot sue the debtor of the decedent along with his personal representative, except under special circumstances. *Beatty* v. *Downing*, 96 Va. 454. It was said in the case cited that among the special circumstances usually relied on to take the case out of the general rule was the fact that the debtor was a partner of the decedent. That statement was unnecessary to the decision of the case, as the debtor sued was not a partner. It was a mere *dictum*, and although sustained by respectable authorities, there does not seem to be any good reason why such a suit should be permitted against a surviving partner, except under special circumstances, which render it necessary or proper for it to be done for the protection of the plaintiff's rights, any more than against any other debtor of the decedent's estate.

There is no charge in the amended and supplemental bill that the administrator was in collusion with P. T. Conrad, or that he was insolvent, or that he had refused to compel the latter to come to a settlement, or that there was anything in their relations to each other which prevented him in any way from obtaining a settlement. The amended and supplemental bill clearly does not set forth any such special circumstances as would take this case out of the general rule and authorize the plaintiffs in this case to call upon the surviving partner for a settlement of his accounts.

The court is further of the opinion that it was error to decree a sale of the decedent's real estate before the trustee in the deed of trust securing the Coursen debt had been made a party to the suit. He was a necessary party, and the court ought not to have entered the decree for sale until he was brought before it.

*Carnahan* v. *Ashworth,* 31 S. E. 65; *Horton* v. *Bond,* 28 Gratt. 815; 1 Barton's Ch. Pr. (2d. ed.) 196-7.

Whether or not Coursen, the creditor, whose debt was secured by the deed of trust, and who was also a necessary party (*Carnahan* v. *Ashworth, supra*), was before the court is not altogether clear. His debt was reported by the commissioner, but it is stated in argument that this was done at the instance of the administrator of the decedent's estate, and that there is nothing in the record to show that Coursen knew even of the pendency of the suit.

After a decree for a general account in a creditor's suit (and this may be so considered, *Newell's Adm'r* v. *Little,* 79 Va. 141), all the other creditors may come in under the decree and prove their debts before the commissioner to whom the cause is referred. *Simmons* v. *Lile,* 27 Gratt. 922, 929; *Piedmont & Arlington Ins. Co.* v. *Maury,* 75 Va. 508; *Beverly* v. *Rhodes,* 86 Va. 415; 1 Barton's Ch. Pr. (2d. ed.) 286, etc. But the administrator has no right to have the commissioner to report debts against his decedent's estate. It is his duty to represent the estate, and not those having adverse interests. The creditor, or some one who is authorized to represent him, should lay his claim before the commissioner, in order that it may be reported.

The practice in some parts of the State, following the English rule, is to require the creditor coming in under a decree to prove a claim against the estate of a decedent to accompany it with an affidavit that the debt remains due. Such affidavit is not intended as evidence before the commissioner in proof of the debt, and must not be so considered. It puts the claimant upon his conscience as to the *bona fides* of his claim, and thus frequently protects the decedent's estate from paying debts which have already been paid (2 Daniel's Ch. Pr. (5th ed.) 1209; *Flading* v. *Winter,* 19 Vesey, 199; *Morris* v. *Merrat,* 4 Paige, 142); and that practice has this further advantage, that it places in the record the evidence that the creditor, and not some unauthorized

person, laid the claim before the commissioner to be reported, and prevents such a question as the one now under consideration from arising.

As the case has to be reversed upon other grounds, it is not necessary to pass upon this question, as the beneficiary in the deed of trust, if not a party now, can be brought before the Circuit Court when the cause is remanded.

The court is further of the opinion that the provision in the decree of sale which authorized the special commissioners "to endeavor to procure offers for the property privately, and if they succeed in obtaining any such offers which they shall deem or be advised should be reported to the court, they shall report such offers in vacation, when the court, if it approves them, will authorize the acceptance of such bids and direct how they shall be carried out," was not to the prejudice of the appellants, but was one of the means which the court, in the exercise of its discretion, had the right to adopt in order to obtain the best price for the property to be sold.

It follows from what has been said that the decree of June 6, 1896, in so far as it held that P. T. Conrad, surviving partner, was a proper party to the amended and supplemental bill, must be reversed, and the bill dismissed as to him, and that the decree of sale must be set aside and annulled, and the cause remanded to the Circuit Court for further proceedings to be had not in conflict with the views expressed in this opinion.

*Reversed.*