## Staunton.

### NICKELS' ADM'R V. HORSLEY AND OTHERS.

#### September 17, 1919.

1. FIDUCARIES—*Removal—Power of Court.*—Under section 2687 of the Code of 1904, the court under the order of which a fiduciary derives his authority, is vested with the right and duty to revoke and annul his power whenever from any cause it is proper.

2. FIDUCARIES—*Removal—Discretion of Court—Appeal from Order Removing.*—A court is vested by section 2687 of the Code of 1904 with a very large discretion in regard to the removal of a fiduciary appointed by it, and while it is a legal discretion, to be exercised in a proper case, an appellate court ought not to interfere, except in a case where manifest injustice has been done, or where it is plain that a proper case has not been made for the exercise of the powers which the legislature has specially conferred upon that court, from which the fiduciary derives his authority.

3. EXECUTORS AND ADMINISTRATORS—*Partner as Administrator—Removal—Case at Bar.*—Where a surviving partner was appointed as administrator of his deceased partner, and failed to return any inventory or appraisement within four months of the date of his qualification as required by statute, and it was clear that there were conflicting interests between the administrator, claiming in his own right as surviving partner, and the heirs at law and distributees claiming under the decedent, an order removing the administrator is plainly right.

4. EXECUTORS AND ADMINISTRATORS—*Surviving Partner As Administrator—Case at Bar.*—It may well be doubted whether a surviving partner should ever be appointed administrator of his deceased co-partner, but certainly in the instant case, where sharp conflicts as to their respective rights have arisen, he should be removed, for the surviving partner, while having full control over the partnership assets, is the debtor of his deceased co-partner for any balance due to his estate, and unless there be exceptional circumstances the administrator only can sue for such balance.

Error to an order from the Circuit Court of Scott county, on a motion to revoke the appointment of an administrator. Order for petitioners.   The administrator assigns error.

*Affirmed.*

The opinion states the case.

*S. H. Bond* and *Will H. Nickels,* for the plaintiff in error.

*W. S. Cox, W. J. Horsley* and *W. H. Nickels, Jr.,* for the defendants in error.

PRENTIS, J., delivered the opinion of the court.

This is a motion under section 2687 of the Code for the revocation and annulment of the powers of J. C. Parrish as administrator of J. C. Nickels, deceased, made by the surviving husband and children of Margaret Horsley, who was the daughter of the decedent.   The trial court sustained the motion, and the plaintiff in error is here complaining of the order revoking and annulling his appointment.

[1, 2]   The rule which controls this court in such cases is stated in *Reynolds* v. *Zink,* 27 Gratt. (68 Va.) 31.   The statute vests the court, under the order of which the fiduciary derives his authority, with the right and duty to revoke and annul his power whenever from any cause it is proper, and this is said:

"There must, of necessity, be vested in that court a very large discretion; and while it is a legal discretion, to be exercised in a proper case, an appellate court ought not to interfere, except in a case where manifest injustice has been done, or where it is plain that a proper case has not been made for the exercise of the powers which the legislature has especially conferred upon that court, from which the fiduciary derives his authority." *Snavely* v. *Harkrader,* 29 Gratt. (70 Va.) 128.

[3]   It is clear that the discretion of the trial court was properly exercised.   The record shows that the administrator was appointed with the concurrence of his wife, who is a daughter of the decedent, and of the other distributees, who together are entitled to three-fourths of the estate. The other one-fourth belongs to the defendants in error. The administrator is the surviving partner of the decedent. He failed to return any inventory or appraisement within four months of the date of his qualification as required by the statute.   The partnership appears to have been engaged in farming and stock raising.   He sold a large portion of the assets as surviving partner, in which he claims a one-half interest after payment of certain debts.   The total net balance arising from the sale of these co-partnership assets is shown to be $16,471.04.   Of this amount the administrator claims one-half, or $8,235.52, by virtue of his interest in the partnership, and he charges against a like amount representing his deceased partner's interests in the partnership assets the sum of $7,006.62, leaving for the estate of his deceased partner, as representing his interest in these assets, only the sum of $1,228.90.   This large debit against his deceased partner is nowhere explained.   Then there are two sums, one of $385.74 and one of $385.64, paid apparently on different dates to his wife, Nannie E. Parrish, out of the estate of the deceased, whether on account of her distributive share therein, or in settlement of a debt or debts, dos not appear, and the accounts as shown by the record need much explanation.   On the date of the sale of the partnership property, which he appears to have sold both as administrator and as surviving partner, he had others bidding on his account, and, when his son made a bid, he complained to him and told him that the previous bid was made in his (the administrator's) interest.

Nannie E. Parrish, his wife, and others instituted a par-

tition suit for a division of the real estate belonging to the decedent, in which it is alleged that in some of the land her husband has a one-half interest, although the legal title is in the name of her father, the decedent, and he, the administrator, in his own right filed an answer to that bill, signed by two of counsel who also represented the complainants, admitting the allegation that he owned the interest in the land as stated in the bill, averring that it had been paid for with partnership funds, and that the reason the deed was taken in the name of the deceased instead of in the partnership name was because he was a notary public and desired to save the expense of having another notary take the acknowledgment.

There are other matters shown by the record which make it difficult to separate the individual from the co-partnership property, and it is clear that there are conflicting interests between the administrator, claiming in his own right as surviving partner of the decedent, and the heirs at law and distributees claiming under the decedent. In this state of affairs there should be an administrator who should thoroughly investigate the partnership affairs, ascertain just the nature of the partnership and the true state of the accounts, so as to make the proper distribution of the assets as between the surviving partner and the distributees of the estate of the decedent.

In 2 Schouler on Wills, etc. (5th ed.), sec. 1104, p. 1916, this is said:

"One may be considered unsuitable for the appointment who holds already some other trust whose interests decidedly conflict with those of the estate in question. Or who is largely indebted to the estate, especially if the amount due has not been ascertained. Or who was partner of the deceased at the time of his death. Or who is hostile to another of the next of kin. Or who is otherwise so adversely interested to heirs, creditors, or other kindred, as to prejudice

8

the due settlement of the estate, if it be placed under his charge. For the administrator should be interested in settling the estate, not unfaithfully or partially, but faithfully, for the welfare of all concerned."

In *Cornell* v. *Gallaher*, 16 Cal. 367 (construing a statute); *Heward* v. *Slagle*, 52 Ill. 336, and *Estate of Brown*, 11 Phila. 127, it is determined that a surviving partner of an intestate ought not to be appointed administrator of his deceased partner's estate.

[4] Where there are antagonistic interests, and the probability that the administrator will be called on to conduct litigation between himself individually and himself as administrator of the decedent, it is clear that he should not be appointed; and, if these antagonisms develop after the appointment, he should be removed. It is upon this principle that it has been decided that the surviving partner of an intestate ought not to be appointed his administrator. 11 R. C. L., p. 50. It may well be doubted whether a surviving partner should ever be appointed administrator of his deceased co-partner, but certainly in this instance, where sharp conflict as to their respective rights have arisen, he should be removed, for the surviving partner, while having full control over the partnership assets, is the debtor of his deceased co-partner for any balance due to his estate, and unless there be exceptional circumstances the administrator only can sue for such balance. *Tennant* v. *Dunlop*, 97 Va. 234, 33 S. E. 620; *Conrad* v. *Fuller*, 98 Va. 16, 34 S. E. 893; *Reager's Adm'r* v. *Chappelear*, 104 Va. 14, 51 S. E. 170.

The order appealed from is plainly right.

*Affirmed.*