## Richmond

Elizabeth D. Clark, Suzanne D. Clark and N. Holmes Clare, Executor in Accordance With the Will of Robert Vanderpoel Clark, Jr., Deceased, Etc. v. William T. Grasty, Executor in Accordance With the Will of Robert Vanderpoel Clark, Jr., Deceased, Etc.

June 16, 1969.

Record No. 7024.

Present, All the Justices.

*Thomas V. Monahan* (*John S. Battle, Jr.; William R. Waddell; Hall, Monahan & Engle; McGuire, Woods & Battle,* on brief), for appellants.

*Bolling R. Powell, Jr.* (*George A. Horkan, Jr.; Powell, Horkan & Powell,* on brief), for appellee.

Buchanan, J., delivered the opinion of the court.

This appeal is incident to the parent case of *William T. Grasty, Executor in accordance with the will of Robert Vanderpoel Clark, Jr., deceased* v. *N. Holmes Clare, Executor in accordance with the*

*will, and Elizabeth D. Clark and Suzanne D. Clark*, Record No. 6858, decided today. The issue is whether the court below committed reversible error in refusing to remove Grasty as an executor of the will.

By the will, as stated in the opinion in No. 6858, the testator appointed N. Holmes Clare and The Chase Manhattan Bank as executors of his will for all his assets, "with the exception of my Virginia assets which shall consist only of any real property which I may own in the State of Virginia, any tangible personal property situated in that State, and any funds on deposit in banks located in Virginia." "For my Virginia assets," said the testator, "I appoint as Executors my counsel N. Holmes Clare and William T. Grasty."

The will was duly probated in New York, where the testator kept the intangible property which constituted the bulk of his estate. The will was then transferred to Virginia and duly admitted to probate in Fauquier county, in which the testator resided at the time of his death. At that time Grasty refused to qualify as an executor of the will. Later, on March 15, 1965, on the petition of Grasty and over the objection of Clare, he was allowed to qualify as an executor.

On June 15, 1965, Grasty's attorney wrote to the Virginia Department of Taxation that income and inheritance tax returns for the Clark estate should be signed by Grasty; that there was nothing in the will indicating that the New York executor should have exclusive authority and responsibility with respect to handling the inheritance and estate taxes. The letter stated that if Grasty was to be held jointly responsible for income tax returns "we will undertake to get an order" directing Clare to collaborate with Grasty and to make the necessary information available to him with respect to the intangible assets in New York, "in order to enable him to jointly prepare and submit an inheritance tax return."

This appears to have been the beginning of an insistent and continuous effort on the part of Grasty to exercise joint authority and responsibility in the management of the entire estate of the testator. In his effort to accomplish that objective he endeavored to have withdrawn the tax returns, State and Federal, filed by the New York executors, on the ground that they had not been signed by him.

He persisted in this effort to the point that an injunction was issued by the court below on December 20, 1966, requiring him to cease from these endeavors. The order provided that this injunction was to remain in full force and effect until the appeal in No. 6858, *supra*,

was decided by this court and the record returned to the circuit court.

An appeal from this injunction order was granted, designated as Record No. 6859, also decided today.

On January 17, 1968, Elizabeth D. Clark and Suzanne D. Clark, principal beneficiaries under the will, herein called petitioners, filed in the court below a "Motion for Rule to Show Cause". Its purpose was to have Grasty removed as executor of the will.

The motion alleged that on November 21, 1966, the petitioners had instituted proceedings to remove Grasty as executor "because of his disloyal and detrimental actions with respect to the estate's federal and state tax returns" but that by order entered June 1, 1967, the court had refused to remove him, for reasons stated by the court.

The order of June 1, referred to, was accompanied by a written opinion of the court giving "a review of the records in these cases". The opinion referred to Grasty's letter renouncing his right to qualify as an executor of the Virginia assets, the circumstances of it, and his later retraction, followed by his qualification over the objections of petitioners and Clare.

The opinion recited that the Virginia inheritance taxes of over one million dollars on the total estate, the State and Federal income taxes, and the Federal estate taxes of over five and one-half million dollars, had been paid; that the widow had renounced the will and that the principal and controlling issue in the proceedings had arisen out of the dispute between Grasty and Clare as to whether the whole estate should be administered under the laws of Virginia because of the doctrine of *mobilia sequuntur personam* and Virginia Code § 64-131 (now § 64.1-139); and that the court had resolved this issue in the case construing the will (Record No. 6858, decided today as stated above).

The opinion stated that before the conclusion of the proceedings involving the construction of the will, Grasty had attempted to have certain of the Federal and State tax returns declared null and void because he had not signed them "although the tax authorities had indicated no dissatisfaction with them" and that he had applied to the Circuit Court of the City of Richmond for a mandamus to compel the State Tax Commissioner to require that all tax returns of the estate be jointly made and filed by both Clare and Grasty, and to reject as nullities the Virginia income and inheritance tax returns;

and that Grasty had made similar requests to the Federal Internal Revenue Service.

The court then stated in its opinion that it had deemed these activities of Grasty to be in derogation of its decree of November 15, 1966 [Record No. 6858], detrimental to the estate and serving no useful purpose, and accordingly it had enjoined Grasty [No. 6859, *supra*] from prosecuting the State mandamus proceeding and the Federal Internal Revenue Service proceedings, which injunction would remain in force until Record No. 6858, *supra*, was decided by this court.

The court in its opinion then stated:

"The motion to remove Grasty as an executor is denied for the following reasons:

"(1) He was enjoined from doing the acts which the beneficiaries now state are grounds for his removal. Having obtained the relief by the injunction which they now seek in this suit, complainants have no good cause to seek the removal of Grasty as executor.

"(2) The estate is being administered pursuant to previous directions of this Court which has continuing jurisdiction to see that these directions are carried out.

"(3) Although the record indicates there is friction between the two executors this alone is not grounds for removal of one. There is no allegation or evidence that Grasty is guilty of any fraud, breach of trust or gross neglect that would justify removal. * *"

An appeal (Record No. 6860) granted from the order of June 1, 1967, refusing to remove Grasty, was later dismissed on motion of appellants. The motion for rule to show cause, filed January 17, 1968, as above noted, and which is the subject of the present appeal, was based on the following allegations:

On December 14, 1967, after the entry of the order of December 20, 1966, which enjoined Grasty (1) from prosecuting the administrative proceedings before the United States Internal Revenue Service; (2) from prosecuting the mandamus proceedings against the Virginia Tax Commissioner; and (3) from prosecuting any other proceedings relating to the Federal and State tax returns, Grasty's attorney had: (a) on December 14, 1967, written a letter to a Director of the Internal Revenue Service in New York stating that this

court had granted a supersedeas in the injunction suit and Grasty was now free to participate in determining whether a complete and timely estate tax return had been filed; and (b) on December 18, 1967, written a letter stating that Grasty was free to prosecute the mandamus proceeding.

In an order entered February 20, 1968, the subject of this appeal, the court held that the injunction order of December 20, 1966, had not been superseded, but "nevertheless insufficient grounds for the removal of William T. Grasty, Executor, etc., were shown by the evidence, all of which was documentary and before the Court". The motion to remove Grasty was accordingly again denied.

Present Code § 26-3 provides that the court under whose order or under the order of whose clerk a fiduciary derives his authority, may "whenever from any cause it appears proper," revoke and annul the powers of such fiduciary. The quoted phrase is the same as it was in the Code of 1860, of which it was said in *Reynolds* v. *Zink*, 68 Va. (27 Gratt.) 29, 31:

> "The statute, Code of 1860, ch. 132, § 11, has wisely deposited with 'the court, under the order of which any (such) fiduciary derives his authority,' the right and duty to revoke and annul his powers 'whenever from any cause it appears proper.'
>
> "There must, of necessity, be vested in that court a very large discretion; and while it is a legal discretion, to be exercised in a proper case, an appellate court ought not to interfere, except in a case where manifest injustice has been done, or where it is plain that a proper case has not been made for the exercise of the powers which the legislature has specially conferred upon that court, from which the fiduciary derives his authority."

This rule was repeated in *Nickels* v. *Horsley*, 126 Va. 54, 55, 100 S.E. 831, 832. More recently it was said in *Willson* v. *Kable*, 177 Va. 668, 676, 15 S.E. 2d 56:

> "Generally, the removal of a trustee is within the reasonable discretion of the court. More is required to remove a trustee appointed by the creator of the trust than is required to remove one appointed by the court. In all cases the real guide is whether or not it is best for the trust estate that the trustee be removed. Friction between the trustee and the beneficiary is not in itself sufficient ground for

removal. Some beneficial end must be achieved by the removal or it will not be justified. *Restatement, Trusts,* § 107; Bogert, *Trusts and Trustees,* vol. 3, § 527."

It is not doubtful that Grasty had an urgent desire to administer the whole estate of the testator. The bulk of that estate, amounting to several million dollars, consisted of intangibles in New York, and the commission allowable to an executor in administering those assets was inviting. But as an executor entrusted by his testator with only the Virginia assets of the estate, Grasty's primary and pervading duty was to the testator and the legal directions in his will. His conduct did not meet that requirement and in the judgment of the court an injunction was required to compel him to stop his course of conduct.

But the acts of Grasty and the result of his activities were well known to the able judge of the court below. He found, he said, no allegation or evidence that Grasty was guilty of any fraud, breach of trust or gross neglect. He may have considered, too, that under Virginia statutes[1] and the requirements of Federal law[2] there was some ground for Grasty to claim that he should sign the tax returns. In any event, in view of the finding of the court that the estate is now being administered pursuant to the court's directions, and that it has continuing jurisdiction to see that its directions are carried out, we are of opinion that the decree appealed from should be, and it is

*Affirmed.*

CARRICO, J., dissenting.

I must disagree with the majority holding that the trial court did not err in refusing to order the removal of William T. Grasty as executor of the will of Robert Vanderpoel Clark, Jr., deceased. This court's approval of the trial court's injunction in Record No. 6859 and the tenor of the language of the majority opinion in this appeal show that the actions of Grasty were detrimental to the best interests of the estate for which he was acting as fiduciary. That, in my view, is conclusive of the issue whether Grasty should have been removed.

It is true that the trial court found no fraud, breach of trust, or gross neglect on Grasty's part. But Code § 26-3 provides for the re-

---

[1] Section 64.1-139 of the Code directs that every personal representative shall administer the whole personal estate of his decedent, and § 26-59 provides that a nonresident executor cannot act without a resident executor to serve with him.

[2] Internal Rev. Code 1954, § 6018, and Treas. Reg. § 20.6018-2.

moval of a fiduciary by the court having supervision over him "whenever from any cause it appears proper" to take such action. The grounds for removal are thus not limited to fraud, breach of trust, or gross neglect.

Beyond those three grounds, I can conceive of no clearer case for removal than one where the actions of a fiduciary are so inimical to the interests of his trust that he must be enjoined from further conduct of the same sort. The idea of the necessity of injunctive sanctions against a fiduciary is foreign and repugnant to the very nature of the trust relationship.

If Grasty had not been enjoined by the trial court and had been successful in his efforts to have the tax returns of the estate declared void, an additional tax liability of $1,000,000.00 or more might have been imposed upon the estate. It should not be necessary to point out that it was Grasty's duty as executor, within the bounds of legal propriety, to try to lessen the tax burden upon the estate, rather than to seek to increase it.

Grasty's actions have also caused extreme dissension between him on the one hand and the beneficiaries of the estate and the New York executor on the other, all to the detriment of the estate. This expensive and prolonged litigation is another result of his actions and, unless he is removed or further enjoined, there is no assurance that he will not, after this phase of the controversy is ended, continue his efforts to have declared void the tax returns of the estate.

And for what purpose did Grasty take the actions he did? Because, as the majority says, "the commission allowable to an executor in administering [the whole estate] was inviting."

The majority says that Grasty's "primary and pervading duty was to the testator and the legal directions in his will." The majority further says that Grasty's "conduct did not meet that requirement and in the judgment of the [trial] court an injunction was required to compel him to stop his course of conduct." With all that I agree. But to me the next logically required step would be to remove Grasty as executor. I think it will come as a real surprise to those of the legal profession involved in the administration of estates in this Commonwealth that such step is not taken.

SNEAD and GORDON, JJ., join in this dissent.