## CIRCUIT COURT OF ARLINGTON COUNTY

In re Estate of John W. Ayers

June 8, 1977

Case No. (Chancery) 27180

By JUDGE CHARLES H. DUFF

The petition is brought under Code Sec. 26-3 for the removal of J. Richard Allan, II, as Administrator of the Estate of John W. Ayers. The statue provides for the removal of a fiduciary "whenever for any cause it appears proper." In reviewing *Clark* v. *Grasty*, 210 Va. 33 (1969), and the other decisions appearing in the annotation to the statute, it seems clear that there must be showing of fraud, breach of trust, gross neglect or some other default on the part of the fiduciary which would make his removal proper or necessary for the continued orderly administration of the estate. As indicated at the hearing, I do not feel that mere inadvertence on the part of the fiduciary, or perhaps even a negligent mistake on his part, should warrant removal. His bond provides adequate security for the heirs in the event of such occurrences. The evidence must show neglect of a graver nature or such a conflict of interest that he should not properly continue to serve.

Mr. Allan contended that a pistol presently being held as part of the estate belongs to him. He proposes to file a claim before the Commissioner of Accounts for the pistol. Should such claim be denied and litigation ensue, I would feel that he would be in a conflicting position with the estate he has sworn to preserve, and therefore should be removed. However, at this stage the mere assertion of the claim with the Commissioner is not, in my judgment, grounds for removal. For all that appears in the record, the claim may be conceded by the heirs or may be waived by the fiduciary in the face of an adverse decision by the Commissioner.

▮▮▮▮▮▮▮▮▮▮

Turning then to whether the alleged failure to include various items in the initial inventory constitutes sufficient grounds for removal, cognizance must be given to the burden of proof required. While none of the cited cases delineate this burden, I am of the opinion that the grounds for removal must be higher than a preponderance of the evidence. Carefully considering the entirety of the evidence, I do not find that this burden has been met and, accordingly, the petition will be denied. However, the bond should be promptly increased to an amount designated by the Commissioner of Accounts.