# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Linda F. Raney

v.

A. Edward Raney

November 23, 1998

Case No. (Chancery) 5819

BY JUDGE EDWARD L. HOGSHIRE

Defendant A. Edward Raney has filed a document purporting to remove Plaintiff Linda F. Raney as trustee from the Raney Family Trust. The question which arises is whether Defendant's revocation is effective absent a court order. Plaintiff framed this issue in a declaratory judgment action and has moved for summary judgment on the issue.

As there are no disputed material facts, the Court concludes that this issue is ripe for summary judgment. After reviewing the parties' briefs and conducting independent research, the Court further concludes that Plaintiff's motion for summary judgment should be granted for the reasons stated more fully below.

The Restatement of Trusts identifies the proper means for removing a trustee: "A trustee can be removed (a) by a proper court; or (b) by the person, if any, who by the terms of the trust is authorized to remove the trustee." Restatement (Second) of Trusts, § 107 (1959). Virginia courts have recognized the applicability of this provision. *See, e.g., Clark v. Grasty*, 210 Va. 33, 37-38 (1969); *Ward v. NationsBank*, 1998 Va. LEXIS 128, *21 (Nov. 6, 1998) (relying on *Clark* and the principles of § 107). Furthermore, the Virginia Code authorizes courts to remove trustees in certain circumstances, conforming with subsection (a) of § 107. Va. Code § 26-1.

The Defendant, however, has elected not to pursue removal in the judicial forum and therefore cannot take advantage of the statutory or common law principles in this regard. Furthermore, the Defendant concedes that the

instrument creating the Raney Family Trust does not authorize removal of the trustee.

Therefore, the question becomes whether Defendant can remove the trustee when the trust does not provide for such action and without pursuing judicial remedies. Neither the Restatement nor Virginia case law supports such a claim. In fact, the commentary to the Restatement observes, "If the settlor does not by the terms of the trust reserve a power to modify the trust, he cannot modify it after its creation either by cutting down or taking away the interest of any beneficiary without the consent of the beneficiary, *or by changing the duties or powers of the trustee,* or otherwise." Restatement (Second) of Trusts § 331, cmt. a (emphasis added). Consequently, the Defendant's actions would violate settled principles of trust law.

Accordingly, the Court grants the Plaintiff's motion for summary judgment on her declaratory judgment action.