# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Elaine D. Norris
and Endia Jones

v.

Norma J. Hicks,
Administrator
of the Estate of
Jonathan Bernard Hicks,
deceased

December 18, 2015

Case No. (Civil) CL15-2633

By Judge John W. Brown

This matter came before the Court on a petition seeking to remove the respondent as the administrator of the estate of Jonathan Bernard Hicks. The petitioners are the mothers of the decedent's two minor children: Ajonia Lejai Hicks and Jonathan Bernard Hicks, Jr. The respondent is the mother of the decedent.

The petitioners allege that the only asset of the decedent's estate is a potential wrongful death judgment and that their children are the statutory beneficiaries of any award in that case. See Va. Code § 8.01-53(A)(i). However, the respondent, as personal representative of the decedent, has the authority to prosecute the action and negotiate a potential settlement on behalf of the children. The petitioners claim that they are in a better position to know the beneficiaries' needs and that the respondent is in the position to receive a substantial statutory fee as administrator of the estate. However, it should be noted that any compromise of a wrongful death claim must be approved by the court pursuant to Va. Code § 8.01-55.

In *Beavers v. Beavers*, 185 Va. 418, 423, 39 S.E.2d 288 (1946), the Supreme Court of Virginia held that, under the relevant statutes in effect at the time, an administrator qualified in the usual manner should not be removed except for cause. Va. Code § 64.2-1410 now provides: "If the order of the court or clerk is not complied with, or whenever from any cause it appears proper, the court may revoke and annul the powers of any such fiduciary." In the context of a petition to remove the administrator of an estate, "there must be showing of fraud, breach of trust, gross neglect,

or some other default on the part of the fiduciary which would make his removal proper or necessary for the continued orderly administration of the estate." *In re Estate of Ayers,* 7 Va. Cir. 473, 473 (Arlington Cnty. 1977); see, *e.g., Clark v. Grasty,* 210 Va. 33, 38, 168 S.E.2d 268 (1969).

The language of Va. Code § 64.2-1410 varies from that of former Va. Code § 26-3, under which the *Ayers* court rendered its decision: "The court under whose order or under the order of whose clerk any fiduciary derives his authority on evidence adduced before it by any party in interest, may, at any time revoke and annul the powers of any such fiduciary; but no such order shall be made unless reasonable notice appears to have been given to such fiduciary."

The Court finds that substitution of the petitioners for the respondent would prove unworkable, given the decedent's estrangement from the women, the animosity between the decedent's family and the mothers of his children, and potential conflicts between the petitioners in advocating for their own children.

Accordingly, the Court denies the petitioners' motion. The respondent's motion for sanctions in the form of attorney's fees is likewise denied, as the Court does not find that the actions of counsel or those of the petitioners meet the requirements for the imposition of sanctions.