## SLOTHOWER

*v·*

## OAK RIDGE LAND CO.

(*Supreme Court of Appeals of Virginia, June 24, 1897.*)

[27 S. E. Rep. 466.]

**Vendor and Purchaser—Rescission—Representations as 'to Future Improvements.**

A purchaser was not entitled to rescind because of false and fraudulent representations, which related merely to future improvements that would be made on the property embracing the lots purchased, such as grading streets, laying water and gas mains, building houses, running a belt line, etc.

**Same—Same—Waiver of Right.**

Where a purchaser thoroughly examined the lots purchased several months after buying them, and held them for speculation, though he might have sold them at an advance, any imperfection in the contract of purchase was waived.

**Same—Same—Same.**

Where a purchaser, three years before suit, became acquainted with all the causes for which he asked a rescission, but held the property for speculation, without complaint, until it had greatly depreciated in value, and he was called on to perform, he was not entitled to rescind.

Appeal from hustings court of Roanoke.

Bill by Henry Slothower against the Oak Ridge Land Company. There was a decree for defendant, and plaintiff appeals. Affirmed.

*C. A. McHugh*, for appellant.

*L. H. Cocke*, for appellee.

HARRISON, J., delivered the opinion of the court.

Appellant filed his bill, asking for the rescission of a contract made by him in the spring of 1890, for the purchase of certain lots in the city of Roanoke, alleging that he had been induced to make the purchase by false and fraudulent representations, and upon the further ground that he bought from the appellee company at the instance and solicitation of an agent of said company who was interested in the same as a stockholder.

The allegation of false and fraudulent representations, if sustained, could not avail appellant, for the reason that the representations complained of were not as to existing facts, but merely related to future improvements that would be made upon the property embracing the lots purchased ; such as grading streets, laying water and gas mains, building houses, running belt line, etc.  Watkins v. Improvement Co., 92 Va. 1, 22 S. E. 554 ; Improvement Co. v. Brady, 92 Va. 71, 22 S. E. 845.

As to the contention that the prayer of the bill should be granted because the agent at whose solicitation appellant bought was interested as a stockholder in the vendor company, it is sufficient to say that, some months after his purchase, appellant went to Roanoke, where he remained several days, making a thorough examination of the property.  He saw others who had bought lots at the same time with himself, and from the same plat, selling at an advance, and was advised to do likewise.  Preferring, however, to take the chances of a still greater profit, he placed his lots in the hands of a number of real-estate agents for sale, fixing his price at nearly double the cost, where they still remained when this suit was instituted, long after the wild spirit of speculation of that period had ended in disaster.  The evidence abundantly shows that any vice or imperfection that may have entered into the original contract

of purchase was fully and completely waived by the subsequent acts of appellant.

It may be further added that appellant became acquainted with all the causes of complaint now relied on in September, 1890, and yet did not ask to be relieved of his contract for nearly three years afterwards, when all hope of speculation had passed, and he had been called upon to perform his part of the contract. Such rights must not be slept upon ; prompt action is essential when one believes himself entitled to the rescission of his contract.

There is no error in the decree complained of, and it is affirmed.