95 369
98 213
98 214

95 369
104 19

95 369
109 601

### Richmond.

## WREN & OTHERS V. MONCURE & OTHERS.

### DECEMBER 2, 1897.

1. RESCISSION—*False Representations—Ignorance of Falsity—Facts—Opinions.*—A false representation of a material fact, constituting an inducement to the contract, on which the purchaser has the right to rely, is ground for rescission of the contract, although the party making the representation was ignorant as to whether it was true or false. The misrepresentation, however, must, as a general rule, be the statement of a material fact, made for the purpose of procuring the contract, as distinguished from a mere matter of opinion unless the parties are dealing on unequal terms, and one has means of information not equally open to the other.

2. RESCISSION—*Representation that Land is Suitable for Building Purposes.*—In the absence of any concealment by the vendor of land, or of any effort to prevent inquiry as to the facts, his statement that the land is available for building sites and purposes is the mere expression of an opinion which does not entitle the purchaser to a rescission of the contract, though he and others may be of opinion that it is not so suitable.

3. AGENT TO SELL LAND—*Offer to Become Co-Purchaser—Failure to Disclose His Interest in the Land.*—If the agent for the sale of land, in order to effect a sale, induces a purchaser to join him in the purchase on terms of equality, and fails to disclose that he owns an interest in the land, this constitutes a fraud upon the purchaser, and avoids the sale at the election of the purchaser.

4. CHANCERY PLEADING—*Fraudulent Representations not Relied on in Pleadings—Proof Confined to Pleadings.*—Fraudulent representations or concealments not relied on in the pleadings cannot be set up in the evidence. The allegations and proof must agree. A recovery will not be allowed upon a case, though proved, which differs essentially from that alleged in the bill.

5. RESCISSION—*Fraudulent Representations Charged Must be Common to All of the Complainants.*—Where several complainants unite in one bill, by which they seek to have their contracts of purchase of real estate rescinded on the ground of fraudulent representations, the representations must be common to all the complainants. This is the ground upon which they are allowed to unite in one suit. Misrepresentations to some only of the complainants are not admissible in evidence.

Argued at Staunton.    Decided at Richmond.

Appeal from a decree of the Circuit Court of Rockbridge county pronounced September 19, 1895, in a suit in chancery, wherein the appellees were the complainants. and the appellants were the defendants.

*Reversed.*

The opinion states the case.

*Winborne & Batchelor*, for the appellants.

*Wm. A. Anderson* and *J. J., L., & R. Bumgardner*, for the appellees.

RIELY, J., delivered the opinion of the court.

The object of this suit was to rescind and cancel an agreement for the purchase of certain interests in a parcel of land upon the ground that false and fraudulent representations were made by the vendors to induce the purchase.

The representations, upon which the complainants in their bill based the right to relief, were two:

1st. That at least twenty acres of the land (there being twenty-one and three-fourths acres in the parcel), were eligible, valuable, and exceedingly desirable for building purposes, and that all of the said twenty acres, after allowing sufficient room for streets, could be readily sub-divided in their present condition into three hundred eligible and desirable town lots, 25 by 125 feet each, without any expenditure whatever, except the cost of laying off streets.

2nd. That the land was contiguous to a steel plant, which was an assured industry, and would certainly be constructed and operated, and thereby give employment to hundreds of laborers and

mechanics, and create a demand for lots, into which the land could be sub-divided, and for houses to be erected thereon.

This last ground of relief was abandoned, and properly so, in the argument here, and requires no consideration at our hands. *Watkins* v. *West Wytheville L. & I. Co.*, 92 Va. 1; *Max Meadows L. & I. Co.* v. *Brady*, Id. 71; and *Slothower* v. *Oak Ridge L. Co.*, 27 S. E. 466.

A large amount of testimony was taken by the parties—especially with respect to the first ground of relief, the result of which was to establish *at most* that the vendors and their agents represented that there were twenty acres of the land available for building purposes, and susceptible of being sub-divided into three hundred (or about three hundred) building lots, though no such sub-division or actual test to this end had been made. It was not proved that they represented the land, nor twenty acres of it, to be level, but simply that it was available for building purposes. One of the purchasers deposed that it was represented to them that the land was level, but he was not supported in this by the other purchasers who were present, and is positively contradicted by the party by whom he alleged that the representation was made. The proof shows that about one-half of the land is level, but that the residue is in some parts broken, rough, and gullied.

The land adjoins the town of Buena Vista, which was one of the sudden developments of the "boom" that swept over the country in 1890, and was confidently expected to attain the growth of a large city; in which event, the property, which is the subject of this controversy, would unquestionably have become very valuable, and the whole twenty acres could and doubtless would have been availed of for building purposes; but, as the testimony discloses, the "boom" began to subside shortly after the sale to the complainants.

The law is well settled that a false representation of a material fact, constituting an inducement to the contract, on which the purchaser had the right to rely, is ground for the rescission of

the contract by a court of equity, although the party making the representation was ignorant as to whether it was true or false. The real inquiry is not whether the vendor knew the representation to be false, but whether the purchaser believed it to be true, and was misled by it in entering into the contract. *Grim* v. *Byrd*, 32 Gratt. 300; *Linhart* v. *Foreman*, 77 Va. 545; and *Wilson* v. *Carpenter*, 91 Va. 187.

The misrepresentation, however, in order to constitute ground for a rescission of the contract, must, as a general rule, be the positive statement of a material fact, made for the purpose of procuring the contract, as distinguished from a mere matter of opinion, unless the parties are dealing upon unequal terms, and one has means of information not equally open to the other. *Grim* v. *Byrd*, 32 Gratt. 300; *Watkins* v. *West Wytheville L. & I. Co.*, 92 Va. 1; *Max Meadows L. & I. Co.* v. *Brady*, Id. 71; and *Slothower* v. *Oak Ridge L. Co.*, 27 S. E. 466.

The material inquiry in the case at bar, then, is whether the misrepresentation, as proved, was the positive statement of a material fact, which constituted an inducement to the contract, and on which the purchaser had the right to rely, or was it merely the expression of an opinion. It would seem that, in the very nature of things, the representation that a certain parcel of land is available for building sites or purposes is simply the expression of an opinion. Whether it is available for such purposes depends not merely upon its topography, but upon a variety of circumstances. Its location and environs, the necessity and demands for buildings, and the needs or fancy of the owner—all are elements which may enter into the question of its availability. How many cities and towns, large and small, are built upon rugged and uneven, as well as upon level, land; the growth of business, the increase of population, and the prosperity of the place causing the land to be availed of for all kinds of buildings and structures! The opinions of men in regard to the availability or adaptability of a piece of ground for building purposes, when the occasion for such use of it arises, are likely to be as variant as men differ in their perceptions and judgments.

In *Lake* v. *Tyree*, 90 Va. 719, defence was made to a suit brought to recover the amount of a protested check given in payment for shares of stock and certain lots of land, upon the ground that, for the purpose of inducing the sale, the lots were represented to be smooth and level, and suitable for building purposes, when in fact they were not as they had been represented, but were "badly washed into deep gullies," and one of them was "in a boggy gorge, thirty feet below the level of the street," while another was "on a steep declivity." It was held by this court in that case that the representation was the mere expression of an opinion, and no artifice having been used by the vendor to dissuade or prevent the purchaser from making inquiry or examining the lots, the latter was without redress.

And so in *Rendall* v. *Scott*, 70 Cal. 514, where it was represented by the owner in the sale of a tract of land that it was the best ranch in Ione Valley, and very rich and productive; that it would produce fifty bushels of wheat to the acre; that one portion of it was good alfalfa land, and another portion was rich in mineral deposits, it was held that these representations, which were alleged to be false, were matters of opinion rather than a false representation of facts, and that the purchaser was not entitled to relief.

This class of cases differs essentially in principle from those cases which were relied on by the learned counsel for the appellees, in all of which it will be seen, upon examination, that the representations were of matters of fact, and not mere expressions of opinion.

The representation made in this case by the vendors, as established by the testimony, being simply the expression of opinion and not the representation of a material fact, it constitutes no ground for the rescission of the contract. The vendees were not entitled to rely on it and omit to make the inquiries and examination which a prudent man ought to make, for the law does not hold one responsible for words of commendation of his property, unless the parties deal on unequal terms, and one has means

of information that are not equally open to the other, or he has used means or practised some artifice to prevent the other from making inquiry or examining the property. *Grim* v. *Byrd, supra; Lake* v. *Tyree, supra; Parker* v. *Moulton,* 114 Mass. 99; *Gordon* v. *Butler,* 105 U. S. 553; and Wald's Pollock on Contracts, 523-4, and cases cited in note.

The land in question was equally open to the examination of the purchasers as of the owners, and the evidence fails to disclose that the latter used any means or resorted to any artifice to avert inquiry, or to prevent the former from examining the land. On the contrary, there is an entire absence of evidence of any purpose or desire on the part of the owners to conceal from the purchasers the character of the land. All were earnestly invited before the contract of sale was executed to visit and inspect the property, and those who came were freely driven through it, without giving utterance to any dissatisfaction or expressing a wish to examine it more particularly. If the purchasers neglected to make such inquiry or examination, at or before the execution of the contract of sale, as ordinary prudence would dictate, they cannot found, upon the mere expression of an opinion by the owners or their agents that the land was available for building purposes, the right to have the contract rescinded more than two years thereafter by a court of equity.

The complainants, J. D. Moncure, H. D. Cole, R. R. Cole, M. R. Harrell, and C. P. Armistead, claimed that they were entitled to relief upon the additional ground that McCandlish & Clowes, from whom they purchased as agents for the sale of the land, concealed from them that they (the agents) were part owners of the land, and falsely assured them, for the purpose of procuring the contract, that they, on account of the desirability of the land as an investment or speculation, were going to take an interest in it themselves upon the same terms, and would pay their money just as the complainants were asked to do. If this charge be true, the conduct of the agents was contrary to good morals, and would not be sanctioned by a court of equity, but would constitute a fraud, and avoid the purchase

This charge was only made by the complainants in their depositions, and was vigorously denied by McCandlish & Clowes in theirs. It was not made in the bill, and was in nowise put in issue by the pleadings. In a court of equity, as well as in a court of law, the allegations and proofs must agree. A recovery will not be allowed upon a case, although proved, which differs essentially from that alleged in the bill. *Smith* v. *Nicholas*, 8 Leigh 354; *Brown* v. *Toell*, 5 Rand. 543; *Thompson* v. *Jackson*, 3 Rand. 504; *Hunter* v. *Jett*, 4 Rand. 104; and *Potomac M. Co.* v. *Evans*, 84 Va. 717. If this were not so, as has been aptly said, "the pleadings, instead of being a shield to protect parties from surprise, would be a snare to entrap them."

In *Crochet* v. *Lee*, 7 Wheaton, 522, it was said by Chief Justice Marshall: "If the pleadings in the cause were to give no notice to the parties, or to the court, of the material facts on which the right asserted was to depend, no notice of the points to which the testimony was to be directed, and to which it was to be limited; if a new case might be made out in proof, different from that stated in the pleadings, all will perceive the confusion and uncertainty which would attend legal proceedings, and the injustice which must frequently take place. The rule that the decree must conform to the allegations, as well as to the proofs of the parties, is not only one which justice requires, but one which necessity imposes on courts."

In *Jackson* v. *Cutright*, 5 Munf. 314, the language of Judge Carr is not less emphatic: "The plaintiff must prove the case which he sets out in his bill; and, although he should make out in evidence a good case, which, under other circumstances, would secure the interposition of the court, yet if it be not the very case made by the bill, it will not support the bill."

The charge of concealment against the agents, McCandlish & Clowes, was not made, even in the depositions, in behalf of the other complainants, M. T. McCluer and J. Lewis Bumgardner, for the reason that they were well aware, when they purchased, of the interest of McCandlish & Clowes in the land. And the

charge of concealment not being applicable to them, it could not have been alleged in the bill as a ground of relief for the other complainants because it is only upon the principle that all of the complainants were deceived by the same fraudulent acts that they are permitted to unite in one bill. *Bosher* v. *Harrisonburg L. Co.*, 89 Va. 455; and *Rader* v. *Bristol L. Co.*, 94 Va. 766. It is not permissible, jointly, to gain admission into the court upon the allegation of a common grievance, and, when it is gained under the color of a joint ground of grievance, to seek relief upon other or separate and distinct grounds. To allow or sanction such a practice would be to condemn the science of pleading, the wisdom of which experience daily teaches us.

Whatever merit there may be in the charge made against the agents of concealing, when making sale of the land to some of the complainants, their ownership of an interest in it, it was not so put in issue as to invoke the consideration of the court. It constitutes, if true, a ground of relief separate and distinct from the representations charged in the bill, and we express no opinion in regard to the testimony upon this point.

The complainants, upon the issues made in the pleadings, were not entitled to the relief granted by the court. The decree appealed from must, therefore, be reversed.

It appears from the record that the defendants, W. A. Wrenn and McD. L. Wrenn asked that their answer be treated as a cross-bill. This matter has not been passed upon by the Circuit Court, and is still open. The case is, therefore, remanded to it for such further action as may be appropriate in the cause, not in conflict with the views herein expressed.

*Reversed.*