# Richmond.

## MILLHISER & Co. v. McKINLEY, RANGELEY & Co.

### MARCH 15, 1900.

### Absent, Harrison, J.

1. CHANCERY PLEADING AND PRACTICE—*Order for Account—When Refused.*—An order of reference will not be made to enable a complainant to make out his case. He must first make good the charges of his bill, showing that he has the right to demand an account.

2. PARTNERSHIP—*Preference Among Creditors.*—Partners may convey the partnership property to secure partnership creditors, giving preferences amongst them, when not affected by the bankrupt law.

3. PARTNERSHIP—*Solvent and Insolvent Firms—Sale by One Partner—Assumption of Debts.*—Partnership creditors have no inherent right to have the partnership assets applied to the payment of the partnership debts in preference to the individual debts of the partners. The right grows out of the right of the partners amongst themselves to have such application made. If the partnership is solvent, one partner, acting in good faith, may sell out to his copartner his interest in the partnership estate for a valuable consideration, or which is its equivalent, upon an agreement to pay the partnership debts and indemnify him against them; but a partner in an insolvent firm, all of whose members are insolvent, cannot transfer his interest in the partnership to his copartner in consideration of the assumption by the latter of the partnership's liabilities, so as to enable the latter to make a valid assignment of the partnership effects to pay his separate creditors. Such assumption is without consideration.

4. CHANCERY PLEADING AND PRACTICE—*Answer as a Denial.*—The denial of an answer, though an answer under oath be waived, constitutes a traverse of the allegations of the bill, and throws upon the complainant the proof of the charge.

5. FRAUD—*Allegation and Proof—Voluntary Deed.*—A charge that a deed was made without any consideration, and with intent to hinder,

delay, and defraud the creditors of the grantor, is not supported by proof of an inadequate consideration. In equity, as at law, the *allegata* and *probata* must correspond. A recovery will not be allowed upon a case, although proved, which differs essentially from that stated in the bill. The fraud charged must be distinctly and clearly proved as it is alleged.

Appeal from a decree of the Circuit Court of Patrick county, pronounced December 8, 1898, in a suit in chancery, wherein the appellants and others were the complainants, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*S. A. Anderson* and *Hairston & Gravely*, for the appellants.

*P. Bouldin, John W. Carter*, and *Peatross & Harris*, for the appellees.

RIELY, J., delivered the opinion of the court.

The Circuit Court did not err in overruling the motion of the complainants to refer the cause to one of its commissioners for accounts to be taken. The main object of the reference seems to have been to ascertain which of the debts secured in the deed of assignment were separate debts of one of the partners, and not firm debts. The bill charges that certain of the debts, which it specifies, and perhaps others, are individual and not partnership debts. The answers deny the charge, and aver that the debts named, and all the other debts secured, with the exception of two debts of very small amount, and about which no contention is made, are firm debts. The burden was upon the complainants to make good the charge. An order of reference is not to be awarded to enable a plaintiff to make out his case. It should not be made for the purpose of furnishing evidence in support of the allegations of the bill, nor until he has the right to demand it. *Baltimore S. Packet Co.* v. *Williams & Co. et als.*, 94 Va.

425; *Lee County* v. *Fulkerson*, 21 Gratt. 182; *Sadler* v. *White-hurst*, 83 Va. 46; and 2 Barton's Ch. Pr. 680.

Nor did the court err in upholding the deed of assignment made by John H. Rangeley, Jr., and A. J. Rangeley to secure the creditors therein named.

The deed was made on March 31, 1897, prior to the present bankrupt law, and being unaffected by it, the partners would have had the right to convey the partnership property to secure the firm creditors, and in doing so to make preferences among them, just as individuals might convey their property to secure their creditors. Bates on Partnership, sec. 559; *Patton* v. *Leftwich*, 86 Va. 421; *Fitzpatrick* v. *Flannigan*, 106 U. S. 648; and *Emerson* v. *Senter*, 118 U. S. 3.

This was not controverted, but the contention was that if the partnership and all its members were insolvent, one of the partners could not sell and transfer his interest in the partnership to the other partner so as to enable the latter to make a valid assignment of the firm property to secure his individual creditors to the prejudice of the firm creditors.

It appears that S. C. McIntosh, of the firm of McIntosh & Rangeley, composed of himself and John H. Rangeley, Jr., prior to the assignment, sold out his interest in the firm to his copartner; and that H. S. McKinley, of the firm of McKinley, Rangeley & Co., composed of himself, and John H. Rangeley, Jr., and A. J. Rangeley, also sold out his interest in this firm to the other partners; and the bill charges that the deed of assignment made by John H. Rangeley, Jr., and A. J. Rangeley secures separate creditors of John H. Rangeley, Jr., as well as creditors of the said firms, and that it was not within their power to divert any of the partnership assets to the payment of individual debts.

Ordinarily, a partnership estate is liable to the payment of the debts of the firm in preference to the individual debts of the partners. This is the right of the partners *inter se.* The

creditors of the partnership have no such right of priority over the separate creditors of the partners otherwise than by substitution to the rights of the partners *inter se.* The partners may release this right, and if they do so *bona fide,* the creditors cannot complain, for it is not their right, except subject to the proper disposition and control of the partners themselves. Clearly one partner may sell his interest in the partnership estate to the other partner, and release his right to have the partnership estate applied in payment of the partnership debts in exoneration of his liability therefor, if at the time of such sale the partnership is solvent, and he do so in good faith for a valuable consideration, or, what is equivalent thereto and constitutes a valuable consideration, upon an agreement to pay the debts and indemnify him against them. The effect of such an agreement and sale would be to convert the partnership estate into the separate property of the purchasing partner, and the creditors of the partnership would have no right in such case to have the partnership property subjected to the payment of their debts, for their right being dependent upon the continuation of the right of the retiring partner to have them so applied, and that being relinquished, the derivative right of the creditors expires with the release of the right of the partner himself. Otherwise, a partner never could retire. *Shackelford* v. *Shackelford,* 32 Gratt. 481; Story on Partnerships, secs. 358-60; and Bates on Partnership, sec. 559.

But, according to the better reason and weight of authority, this is not true, if the firm is insolvent, or on the eve of insolvency, and the partners are also insolvent. A purchase by one partner of the interest of the other partner, in consideration of the assumption by the former of the debts of the firm, is upon a consideration which is of no value whatever; and no equivalent having been given, the transfer is in effect wholly voluntary, and, if sustained, the result would be to hinder, delay, and defraud the creditors of the partnership. Hence, in such case,

the transfer by one partner of his interest in the partnership is deemed ineffectual to convert the joint property of the partners into separate property of the transferee as against the firm creditors. To hold otherwise would be, in substance, to authorize the retiring partner to give away property, which in common justice ought to be applied to the payment of the partnership debts, and allow it to be appropriated to the separate debts of the purchasing partner for which the former is in no way liable. Bates on Partnership, sec. 559; *Darby & Co.* v. *Gilligan*, 33 W. Va. 246; *Ex parte Mayou*, 4 De G., J. & S. 664; *Menagh* v. *Whitwell*, 52 N. Y. 146; *Bulger* v. *Rosa*, 119 N. Y. 459; *Sanderson* v. *Stockdale*, 11 Md. 563; *Phelps* v. *McNeely*, 66 Mo. 554; and *Roop* v. *Herron*, 15 Neb. 73.

The bill in this case charges that the firms and all the partners were insolvent when McIntosh and McKinley withdrew from their respective firms, and transferred their interests to their copartners, and also charges that certain specified debts secured in the deed of assignment were not partnership debts, but individual debts of John H. Rangeley, Jr.

The insolvency of the several firms and of all the partners was admitted, but the answers deny that the debts specified are individual debts, and aver that they are partnership debts. The bill waives an answer under oath from the defendants. Nevertheless, the denial of the answers constitutes a traverse of the allegations of the bill, and puts the complainants upon proof of the charge. *Jones* v. *Christian*, 86 Va. 1032.

There was no direct proof by the complainants that the debts in question were individual debts, but an effort was made to prove the fact by indirection. An expert accountant was employed by them to examine the mercantile books of the several firms. He was given free access to all the books, and it was attempted to prove through his examination of them that the said debts were individual and not partnership debts by showing that there was no entry of them to be found upon the partner-

ship books.  This expert witness testified that while the books were such as are ordinarily kept by country merchants, yet a complete set of books was not kept, and that such as were kept were so poorly kept that they did not show fully or satisfactorily the transactions of the firms.  No account of bills payable and receivable was kept, and he was unable to find any entry on the books of the debts named, but he also failed to find on the books any entry of other debts which were admitted to be partnership debts, such as the debts due to the banks.  Such evidence is insufficient to prove the charge that the debts in question were individual and not partnership debts.  It does not appear, therefore, that the rule of law has been transgressed which holds that one partner of an insolvent firm, all of whose members are also insolvent, cannot transfer his interest in the partnership to his copartner so as to enable the latter to make a valid assignment of the partnership effects to pay his separate creditors; and, as there was no actual fraud shown in making the assignment, the Circuit Court did not err in upholding it.

The remaining assignment of error relates to the conveyance of the storehouse and lot by John H. Rangeley, Jr., to his father, James H. Rangeley.  It purports on its face to be made for a valuable consideration, and recites that it is made in consideration of the sum of $1,000, due from John H. Rangeley to James H. Rangeley, "evidenced by accounts, due bills, and notes this day delivered to John H. Rangeley."

The bill charges that John H. Rangeley, Jr., owed his father nothing, that the consideration named in the deed was wholly fictitious, and without any foundation in fact, and that the conveyance was made with intent to hinder, delay and defraud creditors.  The answers deny all fraud, insist upon the verity of the consideration as stated in the deed, and there is exhibited with the answer of A. J. Rangeley and John H. Rangeley, Jr., the accounts, due bills and notes constituting the consideration.  The want of all consideration was the issue made by the plead-

ings. There was no charge in the bill that the consideration for the conveyance was inadequate, and therefore, for that reason, it was fraudulent—no intimation that $1,000 was less than the value of the property. No such issue was made, but, in argument, inadequacy was mainly relied upon to establish the charge that the deed was fraudulent.

Where fraud is relied upon, the bill must show specifically in what the alleged fraud consists, so that the defendant may be informed of the grounds upon which the charge of fraud is founded, and be thereby enabled to shape his defence to meet it. The complainant must prove his case as he has charged it in his bill. If the fraud is not strictly and clearly proved as it is alleged, although the party against whom relief is sought may not have been perfectly clear in his dealings, no relief can be had. *Alsop, Mosby & Co.* v. *Catlett & Jenkins,* 97 Va. 364; *Wrenn* v. *Moncure,* 95 Va. 369; *Southall* v. *Farish,* 85 Va. 403; and *Hord* v. *Colbert,* 28 Gratt. 49.

There is evidence in the record that John H. Rangeley, Jr., had represented to one or more of the creditors that the storehouse and lot were worth $2,000, and it was attempted to prove by two witnesses in the employment of the complainants, one of which witnesses resided at Lynchburg, Va., and the other at Richmond, Va., that the property was worth that amount. They testified that they thought that sum was a fair value for it, though it does not appear, and they do not state, that they had any knowledge of the market value of real estate at Stuart, Va., but it does appear that one of the witnesses valued the lot at $600, when in fact it cost only $200, and it is stated in the answer of John H. Rangeley, Jr., and A. J. Rangeley, that the lot and storehouse together cost only about $1,150.

It appears from the account of James H. Rangeley, filed with the said answer, that $274.14 of the $1,000 stated in the deed to be the consideration therefor was for board that John H. Rangeley, Jr., owed his father, and it was urged in argument

that this did not constitute a valid obligation, as there was no evidence of a previous express contract to pay board.

However these things may be, whether the amount of the consideration stated in the deed was less than the value of the property conveyed, or whether the account for board was a legal obligation, and whatever their tendency might be to stamp the deed with fraud, they were not put in issue by the pleadings, and therefore cannot be considered or relied upon to that end. In a court of equity, as well as in a court of law, the allegations and proofs must agree.  A recovery will not be allowed upon a case, although proved, which differs essentially from that alleged in the bill.  *Wrenn* v. *Moncure, supra.*

The decree appealed from must be affirmed

*Affirmed.*