# Wytheville.

## Reager's Administrator and Others v. Chappelear and Others.

### June 15, 1905.

### Absent, Cardwell, J.

1. Equity—*Parties—Privies—Suit to Charge Administrator — Uniting Debtor of Decedent.*—Generally a distributee of an estate cannot maintain a suit against the personal representative of the decedent and another who is a debtor to the estate except under special circumstances, but where the debtor is a distributee of the estate, and a necessary party to the suit for the settlement of the fiduciary's account and a distribution of the proceeds, and it is charged in the bill that the fiduciary has not attempted to collect the debt due to his decedent's estate, and other facts are charged of such nature as would render a request to sue unnecessary, the bill may be maintained.

2. Equity—*Order of Reference Unexecuted—Harmless Error.*—Where an order of reference has not been executed the fact that it was improperly made is not assignable error.

3. Evidence—*Answer—Admissions—Explanations.*—Where it is sought to charge a defendant by reason of admissions made in his answer to a bill the whole answer upon that question, if used at all, must be used and taken together, and explanations given must be used in connection with the admissions made; but if answer under oath is waived, and the facts admitted are clearly proved, independent of admissions in the answer, the defendant is not entitled to the benefit of qualifying explanations contained in his answer.

4. Equity—*Allegations and Proofs— Variance—Amended Bill.*—In a court of equity as well as in a court of law, the allegations and proofs must agree. A recovery will not be allowed in a case, although proved, which differs essentially from that alleged in the bill. If, on the coming in of an answer, the complainant discovers an error in the allega-

---

Opinion.

---

tions of his bill he should correct it by amending his bill to conform to the facts. He cannot recover upon any new ground shown by the answer of which he does not avail himself by amending his bill.

Appeal from a decree of the Circuit Court of Rappahannock county. Decree in favor of complainants. Defendants appeal.

*Reversed in part.*

The opinion states the case.

*H. G. Moffett,* for the appellants.

*L. P. Carter,* and *Munford, Hunton, Williams & Anderson,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The appellees, as distributees of the estate of Mrs. Nancy Reager, deceased, filed their bill against the appellants and another, all three of whom were also distributees. One of the appellants is her personal representative, and he and the other were alleged to be debtors to her estate. The object of the suit was to have a further settlement of the accounts of the personal representative, to require the debtor defendants to account for what they owed the estate, and for a distribution thereof between the parties entitled.

The appellants filed a demurrer to the bill, which was overruled, and that action of the court is assigned as error.

The first ground of demurrer, and the one chiefly relied on in this court, is that "there is no such privity of interest between the plaintiffs and defendants as entitled them to bring this suit."

It is well settled that the distributee of a decedent's estate cannot maintain a suit against the personal representative of the

decedent and another who is a debtor to the estate, except under special circumstances. *Beatty* v. *Downing,* 96 Va. 451, 454, 31 S. E. 612; *Conrad* v. *Fuller,* 98 Va. 16, 34 S. E. 893. What constitutes such special circumstances as will justify such a joinder have never been limited by any precise and rigid rule. *Same authorities.* The circumstances usually relied on and which have been held sufficient to authorize such joinder are the insolvency of the personal representative, collusion between him and the debtor, and the fact that the debtor was a trustee holding property of the decedent, or his agent. *Same authorities and cases cited.*

The circumstances relied on in this case to take it out of the general rule are that all the parties defendant were necessary parties in a suit for the settlement of the accounts of the personal representative and a distribution of his decedent's estate; that while the bill does not expressly charge collusion between the personal representative, B. M. Latouraudais, and his sister and co-defendant, Mrs. Miller, the alleged debtor of his decedent's estate, the allegations of the bill taken together do amount to such a charge; that the bill alleges that the administrator and Mrs. Miller lived together very near to the decedent, who was their aunt, and with whom they were on most intimate terms; that the decedent was an old woman and entrusted the management of her business affairs largely to them, who thus had charge of the collection and handling of money which became due and payable to her from time to time; that they acted together in this capacity as best suited their convenience; that on several occasions, which are specifically stated, sums of money were paid over to one or the other of them, and that each was indebted to the decedent's estate in at least the sum of $1,000.00; and that the personal representative had not charged himself with any of his said indebtedness to the estate, nor had he attempted to collect what Mrs. Miller owed the estate.

If there had been an allegation in the bill that the personal representative had been requested to sue Mrs Miller and had refused to do so, the case would be free from all doubt. Whilst such a request should generally be made, the facts alleged in the bill may be such as to render such a request unnecessary. *Hagan* v. *Walker,* 14 Howard 29, 14 L. Ed. 312.

The facts and circumstances alleged in the bill were sufficient, we think, to entitle the appellees to bring this suit, especially as all the parties to the suit were necessary parties for the settlement and distribution of the decedent's estate.

The other grounds of demurrer were also properly overruled.

The next assignment of error is to the action of the court in directing one of its commissioners to take an account of all moneys collected by Mrs. Miller and her brother, or either of them, which belonged to Mrs. Reager, because the order of reference was entered upon the allegations of the bill unsupported by any evidence whatever.

It is well settled, as the appellants insist, that an order of reference should not be made to enable the complainant to make out his case, and that he must first make good the charges of his bill, showing that he has the right to demand an account. *Millhiser, &c.* v. *McKinley, &c.,* 98 Va. 207, 35 S. E. 446; *Bresee* v. *Bradfield,* 99 Va. 331, 337, 38 S. E. 196. But, as no account was taken under the order, the error complained of was harmless, and is no ground for reversal. *Bresee* v. *Bradfield, supra.*

Upon a hearing of the cause upon the bill, answers of the appellants, replications thereto and the depositions of witnesses taken by the appellees, the Circuit Court was of opinion that the said "Latouraudais is indebted to the estate of Nancy Reager, deceased, in the sum of one hundred and thirty-two dollars and fifty cents, with interest thereon from December 31, 1900, and that Mary E. Miller is indebted to the estate of Nancy Reager,

deceased, in the sum of four hundred and fifty dollars, with interest from September 1, 1898, for which said sum the said B. M. Latouraudais, administrator, . . . is liable, the court doth adjudge, order and decree that Commissioner C. H. Keyser take and state a further settlement of the administration account of the said B. M. Latouraudais . . . taking as correct the settlement made by him in the suit of *Reager* v. *Reager,* but said commissioner is directed to charge said administrator with the said sum of one hundred and thirty-two dollars and fifty cents, with interest from December 31, 1900, and the further sum of four hundred and fifty dollars, with interest from September 1, 1898; and the said commissioner is directed to report the parties entitled ·to the funds as shown by said settlement, and in what proportion . . ."

The appellant, Latouraudais, in his own right and as administrator, assigns as error the action of the court in charging him with the sum of $132.50. This sum was the price of certain rent corn belonging to Mrs. Reager which Mr. Latouraudais, in his answer, admits he received, but states along with his admission that he paid it over to Mrs. Reager.

If the statements in his answer were the only evidence of his liability, it would have been error to have charged him with that sum; for the whole of the answer upon that question, if used at all in support of the bill, must be used and taken together; explanations given must be used in connection with the admission made. *Morrison's ex'ors* v. *Grubbs,* 23 Gratt. 342, 349; *Clinch River, &c. Co.,* v. *Harrison,* 91 Va. 122, 21 S. E. 660.

Answer under oath was expressly waived, and the fact that Mr. Latouraudais had recveived the price of the rent corn was clearly proved, independent of his admission, and, there being no evidence that he had paid the money over to Mrs. Reager, he

was, under all the facts and circumstances proved in the case, chargeable with that sum.

The action of the court in holding that Mrs. Miller was indebted to the estate of Mrs. Reager in the sum of $450, and in decreeing that her administrator should be charged with that sum, is also assigned as error.

In the bill it is charged that a Mr. Huffman borrowed the said sum of $450 from Mrs. Reager, and when it was returned he paid it to Mr. Latouraudais. Mr. Latouraudais in his answer denies that such sum or any part of it was ever received by him. Mrs. Miller in her answer admits that some years before "Mr. Huffman handed respondent about that sum of money which he had borrowed from Mrs. Reager, as respondent was informed, with the request upon the part of Mr. Huffman that respondent would hand the same to Mrs. Reager," which she did. Mr. Huffman, who was one of the complainants in the cause, testified that he paid the $450 to Mrs. Miller, and that the allegation in his bill that he paid it to Mr. Latouraudais was an error.

Upon the case made, no decree could properly be rendered for the $450. In a court of equity, as well as in a court of law, the allegations and the proofs must agree. A recovery will not be allowed in a case, although proved, which differs essentially from that alleged in the bill. *Wrenn* v. *Moncure,* 95 Va. 369, 374, 28 S. E. 588, and cases cited; *Millhiser, &c.* v. *McKinley, &c., supra.* Note to *Harris* v. *Harris,* 2 Rand. 451, in Michie's Va. Rep. Anno., bottom page 371, where the cases are cited.

When the answers were filed in this case, if the appellees wished to hold Mrs. Miller liable for the $450, they should have amended their bill. Having failed to do this, they can only recover according to the allegations of the bill. They cannot recover upon any new ground which was shown by her answer, of which they did not avail themselves by amending their bill.

If Mrs. Miller was to be condemned from the statements of her answer, she ought to have had the benefit of the whole answer. If her answer is to be taken as true as to the fact that Huffman handed her the money for Mrs. Reager, it must also be taken as true that she delivered it to Mrs. Reager. See Judge Brockenbrough's opinion in *Rib* v. *Martin,* 5 Leigh 140, 142; *Millhiser* v. *McKinley, supra; Bresce* v. *Bradford, supra.*

The appellees had no right under their bill to recover the $450 from Mrs. Miller, no matter what their proof was, because they had not alleged that she owed it. They had no right to recover it on her answer, because it showed that she was not liable. Neither was Mr. Latouraudais chargeable with it under the pleadings and proofs in the cause, either in his individual or representative capacity. The money was never received by him for Mrs. Reager and he could not be charged with laches in failing to collect it from Mrs. Miller until it was established that she owed it.

We are of opinion, therefore, that the said decree, in so far as it charges Mrs. Miller and the personal representative of Mrs. Reager with the $450, was erroneous, and to that extent must be reversed and annulled, and in other respects affirmed and that the decree overruling the demurrer and directing an account must be affirmed:

*Reversed in part.*