Richmond.

HARRIS v. SHIELD'S EXECUTOR AND OTHERS.

January 12, 1911.

Absent, Cardwell and Whittle, JJ.

1. APPEAL AND ERROR—*Right of Complainant to Sue—Objection Not Made at Trial—Case Heard on Merits—Waiver—Parties.*—A legatee or creditor of a decedent's estate cannot maintain a suit against the personal representative of the decedent and another who is a debtor to the estate, except under special circumstances, but where a suit was brought by a legatee to subject land to the payment of a legacy which the complainant claimed was a lien upon the land, and all of the parties in interest were before the trial court, and no demurrer was filed and no objection raised as to the right of the complainant to maintain her suit, and the cause was heard and determined on its merits in the trial court, the right of the complainant to maintain her suit cannot be raised in this court for the first time, and the objection will be deemed to have been waived.

2. DEEDS—*Reserving Lien or Purchase Money—Code, Section 2475.*—The statement in a deed that it is made "in consideration of five hundred dollars secured to be paid," without more, does not constitute an express reservation of a lien on the land on the face of the deed to secure its payment within the meaning of section 2475 of the Code.

3. LIMITATION OF ACTIONS—*Accepting Deed Stating Price—Simple Contract Debt.*—Where the vendee's obligation to pay the purchase price of land is not evidenced in any other manner than by his acceptance of the deed, it is a simple contract debt, and the statute of limitations applicable to that class of debts is to be applied.

4. EVIDENCE—*Statement of Deed as to Consideration and Time of Payment—Offer of Grantor's Will to Vary.*—The statements in the will of a grantor of land, in reference to the debt for the purchase money and the time it became due, are not admissible to add to, or vary the language of the deed, and cannot be considered upon the question of the statute of limitations.

Appeal from a decree of the Circuit Court of York county.

Decree for the defendants.   Complainant appeals.

*Affirmed.*

The opinion states the case.

*J. N. Stubbs, Sidney Smith* and *T. S. Harris,* for the appellant.

*F. S. Collier & Son* and *J. W. Friend,* for the appellees.

Buchanan, J., delivered the opinion of the court.

Bolivar Shield departed this life in the year 1904, leaving a will by which he gave to his daughter, the appellant, and her brother, Samuel H. Shield, a debt of five hundred dollars, which the testator claimed was due him from his son, Copeland S. Shield, as the purchase price of a tract of land which the former had conveyed to the latter in the year 1894. This suit was instituted by the appellant to subject the land to the payment of her legacy, which she claimed was a lien upon the land. She made all the other parties in interest parties defendant to the suit. The vendee of the land and his brother, the other legatee, answered the bill. It was alleged in the answer that the purchase price of the land had been fully paid in the manner set out therein, and that the claim was barred by the statute of limitations. No defense was made by the other parties.

Upon a hearing of the cause the court sustained the plea of the statute of limitations and dismissed the bill. From that decree this appeal was allowed.

The appellees who answered in the trial court moved this court to dismiss the appeal as improvidently awarded, upon two grounds: First, because the amount in controversy was

less than $300; and, second, that the appellant as legatee could not maintain this suit.

Upon the hearing, the first ground upon which the motion to dismiss was based was abandoned, it being admitted that the amount involved was more than $300. As to the second objection, it is true, as contended, that a legatee or creditor of a decedent's estate cannot maintain a suit against the personal representative of the decedent and another who is a debtor to the estate, except under special circumstances. *Beaty* v. *Downing*, 96 Va. 451, 36 S. E. 612; *Conrad* v. *Fuller*, 98 Va. 16, 34 S. E. 893; *Reager* v. *Chappelear*, 104 Va. 14, 51 S. E. 170. In this case there was no demurrer and no question raised in the trial court as to the appellant's right to maintain her suit. All parties in interest being before the trial court, and the cause having been heard and determined upon the pleadings and exhibits filed therewith, without objection upon the part of anyone, we do not think that the appellant's right to maintain her suit can be questioned here for the first time. In a suit of this character, where all the parties in interest are before the court, and the rights of all can be fully protected, so that the objection to the complainant's right to bring the suit is formal rather than real, and the objection is not made in the trial court, it ought to be treated as waived.

The action of the court in holding that the debt alleged to be due from the vendee of the land was not a lien thereon, and was barred by the statute of limitations, is assigned as error.

By section 2475 of the Code, it is provided that where a conveyance of real estate is made and the purchase money or any part thereof remains unpaid at the time of the conveyance, the vendor shall not thereby have a lien for such unpaid purchase money, unless such lien is expressly reserved on the face of the deed. The language relied on in this case

to show that a lien was reserved upon the land is wholly insufficient for that purpose.

The deed is as follows: "This deed made this the 20th day of April, A. D., 1894, between Bolivar Shield, of York county, of the first part, and C. S. Shield, of the second part, Witnesseth: That in consideration of the sum of five hundred dollars secured to be paid and of five dollars cash paid to the said Bolivar Shield by the said C. S. Shield. He, the said Bolivar Shield, doth by these presents give, grant, bargain and sell unto him, the said C. S. Shield, the following real estate, to-wit:

"All that tract, piece or parcel of land on which the said B. Shield resides, and has lived for twenty years, containing seventy-five acres, more or less, (but it is sold by the ancient boundaries and not by the acre) which land was purchased of S. Smith, Comr., by B. Shield in 1872, and the said B. Shield hereby covenants that he will warrant generally the property hereby conveyed, and him and *his heirs assigns* forever.

"Witness the following signatures and seals, the day and year aforesaid.

"Signed, sealed and delivered in presence of

"BOLIVAR SHIELD."

The language which it is claimed shows that a lien was expressly reserved is, "the sum of five hundred dollars secured to be paid." How it was secured is not stated. Clearly that language does not constitute an express reservation of a lien on the land on the face of the deed to secure its payment.

Not being a lien upon the land, and the vendee's obligation to pay the purchase price not being evidenced in any other manner than by his acceptance of the deed, it was a simple contract debt for which assumpsit would lie, and was barred by the statute of limitations. *Taylor* v. *Forbes' Admr., &c.,* 101 Va. 658, 44 S. E. 888; *Barnes, &c.* v. *Crockett, ante* p. 240, 68 S. E. 983.

Opinion.

The debt became due and payable in April, 1894. The grantor died in July, 1904, ten years afterwards. The statements in the will of the grantor in reference to the debt and the time it became due are not admissible to add to or to vary the language of the deed, and cannot be considered in passing upon the question of the statute of limitations.

Some other questions were discussed, but as their decision could not affect the result in this case, it is unnecessary to consider them.

The decree appealed from must be affirmed.

*Affirmed.*