Syllabus.

## Richmond

SAVINGS BANK OF RICHMOND V. TODD, TRUSTEE, ETC.

March 13, 1913.

1. RES JUDICATA—*Former Adjudication—Husband and Wife—Settlement.*—An insolvent husband settled property upon his wife· in consideration of her relinquishment of her contingent right of dower in valuable real estate which he conveyed to a trustee to secure his creditors, his wife uniting. The two deeds were executed and acknowledged at the same time, and the deed of settlement recited the agreement between the husband and wife as a part of the consideration thereof. A creditor's suit was brought to administer the trust declared for the benefit of the creditors, and in the course of its progress was referred to a master to inquire and report what were the rights of the wife under the deed of settlement in lieu of her dower, which reference included the rights of the wife under the settlement to a debt of $4,000—claimed by her of her husband. The master found, amongst other things, the $4,000 as a debt due to the wife. No exception was filed to this finding, and it was confirmed by the court.

   *Held:* As to creditors who were parties to the suit, participated in the litigation and accepted their due share of the dividends therein declared, the findings of the master as to the $4,000 is *res judicata* and cannot be called in question in another suit.

2. HUSBAND AND WIFE—*Post Nuptial Settlement—Dower—Consideration.*—When a wife relinquishes her contingent right of dower in her husband's lands and he makes ·a settlement upon her reciting that it is in consideration of said relinquishment and also upon other considerations set forth in the deed, both deeds being executed and acknowledged at the same time, they must be regarded as parts of one transaction and construed together, and the relinquishment will be looked upon as the consideration which produced the settlement.

3. HUSBAND AND WIFE—*Post Nuptial Settlement—Valuable Consideration—Excessive—Burden of Proof.*—In a suit by. a creditor of the husband to set aside a post nuptial settlement made upon his wife, which is shown to have been founded upon a valuable consideration, the burden is upon the complainant to show that the settlement was excessive—so excessive as to raise a presumption of fraud.

4. EQUITY—*Order of Reference—When Refused.*—An order of reference is not to be made to enable a plaintiff to make out his case. It should not be made for the purpose of furnishing evidence in support of the allegation of the bill, nor until he has the right to demand it.

5. FRAUDULENT CONVEYANCES—*Attack—Estoppel—Husband and Wife.* A court of equity will not entertain a bill by a creditor to set aside a settlement on the wife as excessive where it appears that such creditor, with knowledge or means of knowledge, of the facts and circumstances attending the transaction, went into a suit to sell the lands of the husband free from the wife's contingent right of dower and received his just share of the proceeds. His conduct has made it impossible to place the wife *in statu quo,* and he will be held to his election.

Appeal from a decree of the Law and Equity Court of the city of Richmond. Decree for the defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*A. W. Patterson* and *W. S. McNeill,* for the appellant.

*H. R. Pollard,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This appeal brings under review a decree of the Law and Equity Court of the city of Richmond overruling the motion of the appellant (the Savings Bank of Richmond, a creditor of Charles L. Todd, and plaintiff in the trial court) to refer the cause to a commissioner in chancery—to ascertain whether the settlement made by the husband upon his wife, Mary V. Todd, in consideration of her relinquishment of her contingent right of dower in the residue of his real estate and upon other considerations, was excessive and, therefore, voluntary and void, to that extent, as to plaintiff's debt—and dismissing the bill.

The material facts out of which this controversy arose

are these: On February 25, 1897, Charles L. Todd executed two deeds of trust, one to John T. Powers, trustee, settling certain property upon his wife in consideration of her agreement to release her contingent right of dower in all the residue of the real estate of her husband, "and to that end to unite in deeds now in contemplation conveying such residue of said real estate to third parties upon the express agreement, however, on the part of said Charles L. Todd, to make a proper settlement" upon his wife; and also upon other considerations specifically set forth in the deed. The second deed from Charles L. Todd and Mary V. Todd, his wife, conveyed all the residue of his property to Samuel Register, trustee, in trust for the benefit of creditors, including the demand of the appellant, the unpaid part of which is asserted in these proceedings. These two deeds were drawn by the same counsel, were acknowledged the day following their execution before the same officer, and on the same day were admitted to record in the clerk's office of the Chancery Court of the city of Richmond.

On February 27, 1897, a creditors' suit was instituted under the short style of *Wiedman* v. *Register, trustee,* for the purpose of administering the trusts declared in the Register deed. To that suit the appellant was subsequently made a party. It was represented by counsel and actively participated in the litigation to its conclusion. By decrees in that suit the property of Charles L. Todd was sold in accordance with the stipulations of the deeds of settlement and trust, free from the contingent right of dower of the wife. Appellant accepted its due share of the proceeds of sale, and from that source approximately sixty *per cent* of its debt was paid. After thus participating in and exhausting that fund, the Savings Bank filed the bill in the instant case attacking the settlement upon Mrs. Todd as excessive.

Addressing ourselves, in the first place, to the consideration of the $4,000 transaction between the husband and wife: In the original suit of *Weidman* v. *Register, Trustee,* the court, by a decree of July 21, 1899, the request to enter which was concurred in by counsel for the Savings Bank, directed one of its commissioners in chancery to inquire and report what are the rights of Mrs. Todd under the deed of settlement in lieu of her dower. This reference, it is true, was directed more particularly to a controversy over the ownership of certain rents which had accrued from house and lot No. 511 on West Franklin street, but it also included the rights of Mrs. Todd under the settlement. The commissioner so interpreted the decree, and accordingly reported among other things the $4,000 as "a debt due to Mrs. Todd."

The report was excepted to on other grounds, and the court resolved the question of the ownership of the rents against Mrs. Todd (the Savings Bank uniting in the exception). But there was no exception to the finding of the commissioner that the $4,000 was a *debt* due to the wife; and by the decree of May 26, 1899, save in the matter of the rents, the report was confirmed, the decree declaring "that the said report of Commissioner Daniel be and the same is hereby confirmed in all other respects."

It should be remarked in passing that afterwards, upon the petition of Mrs. Todd to rehear that decree with regard to the rents, the court reversed its former decision and decreed the rents to her.

Our conclusion, therefore, on this branch of the case is that the fact of the indebtedness of Charles L. Todd to his wife in the sum of $4,000 on account of the coupon bonds of the Commonwealth Club is *res adjudicata.*

Let us, in the next place, consider the right of the Savings Bank to maintain this bill on the theory that the settlement of Charles L. Todd upon his wife in consider-

ation of her relinquishment of her contingent right of dower in his real estate was excessive.

In the summary of the facts in this case it is quite apparent under the authorities that the deed of settlement and the deed of trust for the benefit of creditors must be presumed to be parts of one transaction.

The rule is thus stated by Judge Buchanan in *Portsmouth, &c., Refining Co.* v. *Oliver Refining Co.,* 109 Va. 513, 520, 64 S. E. 56, 59, 132 Am. St. Rep. 924, "Where two papers are executed at the same time or contemporaneously between the same parties, in reference to the same subject matter, they must be regarded as parts of one transaction, and receive the same construction as if their several provisions were in one and the same instrument. See *Harvey* v. *Anderson,* 10 Gratt. (51 Va.) 386; *Torrance* v. *Shedd,* 112 Ill. 466-7; *Johnson* v. *Moore,* 28 Mich. 3, and cases cited in notes to 13 Cyc. 614."

So in *Keagy* v. *Trout,* 85 Va. 390, 7 S. E. 329, it was held: "When a wife relinquishes an interest in the husband's estate, and he makes a settlement upon her, both deeds being executed at or about the same time (say at an interval of sixteen days), the court will presume the two deeds to be parts of the same transaction, and that the relinquishment was the consideration for the settlement. *Blow* v. *Maynard,* 2 Leigh (29 Va.) 30."

So also at page 401, Lewis, P. (after stating the general doctrine that "when the settler is indebted, a post-nuptial settlement is presumed to be voluntary; and when assailed by creditors the burden is upon those claiming under it to show by proof, independent of their own answers, where no discovery is sought, that it is founded upon a valuable consideration"), observes: "But there is another principle, or rather a qualification of the rule, which was recognized in *Blow* v. *Maynard,* and that is this: that when the wife relinquishes an interest in her husband's estate in con-

sideration of a settlement upon her, and the deed of re-linquishment and the deed of settlement are contemporaneous, or made about the same time, so that it may be reasonably presumed that the two deeds are part of the same transaction, the court will so presume, and will look upon the relinquishment as the consideration which produced the settlement." *William and Mary College* v. *Powell,* 12 Gratt. (53 Va.) 372.

The present case comes fully within the principles illustrated by these authorities, and the two deeds being read together show conclusively that the settlement was not voluntary, but rested upon a valuable consideration. The burden of proof, therefore, was upon the plaintiff to show that the settlement was excessive—so excessive, in the language of some of the authorities, as to raise a presumption of fraud. *Taylor* v. *Moore,* 2 Rand. (23 Va.) 563; *William and Mary College* v. *Powell, supra; Burwell* v. *Lumsden,* 24 Gratt. (65 Va.) 443, 18 Am. Rep. 648, where Staples, J., approves the statement of the rule by Lord Hardwicke in *Word* v. *Shallet,* 2 Vesey Sr. 16, that "the settlement would be good against the husband's creditors, *unless proved* vastly to exceed the consideration, so that from the inadequacy a collusion or fraud was intended." See also *Davis* v. *Davis,* 25 Gratt. (66 Va.) 587; *Payne* v. *Hutchinson,* 32 Gratt. (73 Va.) 812.

The burden of proof thus being upon the plaintiff, the court, upon perfectly well settled principles of chancery practice, overruled the motion to refer the case to a commissioner in chancery and dismissed the bill.

In *Millheiser* v. *McKinley,* 98 Va. 207, 208, 35 S. E. 446, per Riely, J.: "The burden was upon the complainants to make good the charge. An order of reference is not to be awarded to enable a plaintiff to make out his case. It should not be made for the purpose of furnishing evidence in support of the allegations of the bill, nor until he has

the right to demand it." *Baltimore S. Pkt. Co.* v. *Williams,* 94 Va. 425, 26 S. E. 841; *Lee Co. Justices* v. *Fulkerson,* 21 Gratt. (62 Va.) 182; *Sadler* v. *Whitehurst,* 83 Va. 46, 1 S. E. 410; *Bresee* v. *Bradfield,* 99 Va. 331, 38 S. E. 196; *Reager's Admr.* v. *Chappelcar,* 104 Va. 14, 51 S. E. 170; 2 Bar. Chy. Pr. 680.

But the dismissal of the bill might also have been placed upon the equitable doctrine of election. A court of equity will not entertain a bill by a creditor to set aside a settlement on the wife as excessive where it appears that such creditor, with knowledge, or means of knowledge, of the facts and circumstances attending the transaction, goes into a suit to sell the lands of the husband free from the wife's contingent right of dower, and receives his just share of the proceeds of sale. His conduct has made it impossible to place the wife *in statu quo,* and he will be held to his election. *Cavanaugh* v. *Shacklett's Admr.,* 111 Va. 423, 427, 69 S. E. 335; *Peters* v. *Bain,* 133 U. S. 670, 695, 33 L. Ed. 696, 10 Sup. Ct. 354; 16 Cyc. 784.

In every aspect of the case the decree is plainly right and must be affirmed.

*Affirmed.*