COLUMBIAN EQUIPMENT CO. v. MERCANTILE TRUST & DEPOSIT CO.

(Circuit Court of Appeals, Fifth Circuit. January 7, 1902.)

No. 1,094.

**1. EQUITY—REFERENCE FOR ACCOUNTING.**

A complainant is not entitled to a reference for an accounting, where the allegations of the bill are denied in the answer, until there is at least sufficient evidence to show the right to an accounting. An order for an accounting will not be made to enable him to make out his case before the master.

**2. CONTRACTS—RIGHT TO RESCISSION—CONTRACT WITH TRUSTEE.**

Complainant corporation purchased a street railroad from defendant, which held it as trustee for certain bondholders. Some time after complainant had made its first payment, and had gone into possession of the property, its board of directors passed a resolution assenting to the distribution by defendant of the payment made, and complainant subsequently made another payment. *Held* that, in the absence of evidence that defendant still had in its possession any of the money, which it received solely as trustee, it was not subject to a suit by complainant to rescind the contract and recover the money paid thereon.

Appeal from the Circuit Court of the United States for the Northern District of Alabama.

This is a suit in equity by the appellant, a corporation under the laws of West Virginia, against the appellee, a corporation under the laws of Maryland. In the year of 1888 the East Birmingham Land Company executed a

mortgage on its property to the appellee, as trustee, to secure $50,000 of bonds. In 1891 the same land company, after changing its name under an act of the legislature, executed a second mortgage, covering its railway property, to secure an indebtedness of $37,500, subject, however, to the first mortgage. Default was made in the payment of the second mortgage, and the trustee therein named sold the property in July, 1891. Webb and Tompkins became the purchasers, and under an act of the legislature of Alabama they organized a corporation known as the "Birmingham & Gate City Street Railway Company." The latter company then held the property subject to the first mortgage. The Birmingham & Gate City Street Railway Company made a contract with the appellee whereby the former company, in consideration of the appellee's refraining from making a sale of the property for default under the first mortgage, agreed to convey its railway property to the trust company on the 1st day of August, 1894. On the 29th of October, 1894, the appellant and appellee made an agreement by which the appellant purchased the said property from the appellee for the sum of $51,000. This agreement was made by the appellee with the consent and for the benefit of the bondholders under the first mortgage. Later, on February 11, 1895, the appellant and appellee made a more formal agreement of purchase and sale, and the appellant thereupon went into possession of the property. The sale, as stated in the first agreement, was on the following terms: Cash payable November 15, 1894, $3,000; cash payable February 15, 1895, $3,000; and cash payable within 18 months from November 15, 1894, $45,000,—in all, $51,000; the deferred payments to bear interest at the rate of 6 per cent. from November 15, 1894. The entire purchase money was not in excess of a sum sufficient to pay off the bonds with interest secured by the first mortgage. The appellant paid $6,000 of the purchase money. When the last payment of the purchase money became due, amounting to $45,000, the appellant failed to pay it. It claimed to have discovered defects in appellee's title, and that it had been deceived, etc. The appellee filed its original bill to foreclose the first mortgage, and caused the property to be placed in the hands of a receiver. The appellant, the Columbian Equipment Company, was made a party defendant to the bill. A final decree was rendered foreclosing the mortgage, and the property was sold under that decree. In the meantime the cross bill under consideration had been filed, and the decree on the original bill foreclosing the mortgage was without prejudice to the rights asserted in the cross bill. The claims asserted in the cross bill were left for future consideration. The cross bill sought a rescission of the agreement between the parties whereby it purchased the property, because the contract was void as beyond the corporate powers of the contracting parties and upon allegations of fraud. The appellee, as defendant to the cross bill, filed an answer thereto admitting the contract of sale, but denying the other averments of the bill. The case was tried on its merits, and on May 28, 1901, a final decree was rendered dismissing the cross bill. Thereupon the Columbian Equipment Company appealed to this court, and assigns nine errors, all based on the action of the court in dismissing the cross bill, and asserting that, the agreements between the appellee and appellant having been ultra vires, the cross complainant was entitled to relief.

H. D. Hotchkiss (John F. Martin, on the brief), for appellant.

A. H. Taylor (Albert Latady and J. Peirce Bruns, on the brief), for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The cross complainant and appellant asserts two claims against the appellee: (1) A claim for $6,000 purchase money, which it paid on the contract of purchase; and (2) $3,500, which it alleges it expended in improvements and betterments on the property. We first consider the latter claim.

It is alleged in the cross bill that "while in possession of said railway property" the cross complainant "expended in improvements and betterments thereon the sum of $3,500." The answer of the appellee denies this averment. No evidence is offered on the subject. It prayed that a lien may be declared on the property mentioned in the cross bill for the amount so expended, and for a reference to a master to ascertain the amount, and for a personal decree against the appellee. The bill does not show how the $3,500 was spent; that is, what improvements were made, or what investment of it was made. Conceding that it is sufficiently alleged that it was used in "improvements or betterments" without stating the facts, there should have been some evidence offered to sustain the averment. A reference will not be made to state an account without some evidence to show the necessity for the accounting. An order for an accounting is not made to enable the complainant to make out his case before the master. There must be, at least, sufficient evidence to show the right to demand the accounting. Railroad Co. v. Williams, 94 Va. 422, 26 S. E. 841. There not being sufficient evidence as to this claim to require the court to make a reference, there was certainly not enough to authorize a decree for this sum in favor of the cross complainants.

The other claim in the cross bill is for the sum of $6,000 paid on the purchase money. Three thousand dollars, it is alleged, was paid "at or about the date of said contract, and the further sum of $3,000 principal, with interest accrued, upon the 15th day of February, 1895." A written agreement is in evidence that the cross complainant "earned $5,604 through the operation of the property while in its possession." It is not stated in the agreement whether these earnings were gross or net. Allowing a credit on the $6,000 for these earnings would leave a balance of $396.

The appellee received this purchase money in trust for distribution. It had no claim to the money except as trustee. The board of directors of the appellant, at an adjourned meeting on February 9, 1895, "resolved that the Mercantile Trust & Deposit Company are hereby authorized to make such disposition of $3,000 heretofore paid by this company as a part purchase price upon said property, and held in trust by them, as they may see fit in accordance with said agreement." It is not shown that the appellee has not made a legal disposition of the money. It is not shown that it retained any part of the $6,000 of purchase money. The appellee, we think, was authorized by the conduct of the appellant to distribute the funds. On the pleadings and evidence we could not presume that it was holding the money at the time this litigation began. These considerations would dispose of the case, we think, even if it be conceded that the contract was ultra vires,—a question we do not decide.

After a careful consideration of the oral and printed arguments in behalf of the appellant, we are of opinion that the circuit court did not err in dismissing the cross bill. The decree is affirmed.